### KATE COLEMAN V. HELEN ZAPP ET AL.

No. 2271. Decided December 18, 1912.

#### 1.—Judgment—Rendition—Entry.

The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters in issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. (P. 494.)

#### 2.—Same—Correction of Entry—Limitation.

The power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, is possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. Articles 1356, 1357, Revised Statutes, merely govern the procedure for its exercise, and the authority may be exercised by the court after the adjournment of the term, and of its own motion. The only purpose of such proceeding being to have the judgment entry speak truly the judgment as rendered, it seeks no alteration of the judgment, or of the rights of the parties as fixed thereby; no independent suit is necessary to obtain it; and the proceeding therefor is not an ''action'' within the meaning of the Statute of Limitation, Rev. Stats., 1895, art. 3358. (Pp. 494, 495.)

#### 3.—Same—Case Stated.

Injunction being sought against an execution issued on a dormant judgment, and defendants in that action seeking to revive it, judgment was rendered, as shown by the judge's docket entry, perpetuating the injunction for plaintiff, but for defendants for the amount due on their dormant judgment. The latter part—recovery by defendants—was omitted in the judgment as entered on the minutes. Six years thereafter, by proceeding by scire facias in the same action, defendants sought to correct the judgment entry so as to embrace in it the recovery pronounced in their favor. Held that they were entitled to have it so corrected; that the proceeding therefor was not barred by limitation; nor was it lost by laches through their delay, which had not prejudiced their adversaries; nor was it lost by operation of Rule 48 for the government of district courts, which requires counsel for the party recovering to prepare the form of judgment. (Pp. 493-497.)

#### 4.—Cases Distinguished.

DeCamp v. Bates, 37 S. W., 644; Missouri Pac. Ry. Co. v. Haynes, 82 Texas; 448; distinguished as involving correction of the judgment rendered, not merely of its entry. (Pp. 495, 496.)

#### 5.—Attachment—Scire Facias.

One bringing scire facias to revive a dormant judgment may, on proper showing, obtain attachment to secure the debt evidenced by it. The judgment, though dormant, was a debt, and the proceeding a suit for debt on which attachment was authorized. (P. 497.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Kate Coleman obtained writ of error on the affirmance on her appeal of a recovery against her in the District Court by Helen Zapp and her husband.

*Tom G. Dilworth* and *W. L. Eason*, for plaintiff in error.—The court erred in rendering judgment for the plaintiff, because, the un-

contradicted evidence shows that the defendant's plea of limitation and laches was good, in that the uncontradicted evidence shows that more than six years have elapsed between the rendition of the original judgment and the institution of this proceeding, and that more than twenty-three terms of court had intervened between said dates; and because the plaintiff refused to show any reason or excuse as to why said judgment was not entered at said term of court at which same was rendered, or why the long delay in filing the application for scire facias. District Court Rule No. 48; De Camp v. Bates, 37 S. W., 644, and authorities cited; Milam v. Robertson, 47 Texas, 239; Weaver v. Shaw, 5 Texas, 287; Hinze v. Kempner, 82 Texas, 623; Railway Co. v. Haynes, 82 Texas, 457; Myers v. Pickett, 81 Texas, 56; McCary v. Freeman, 17 Texas Civ. App., 274; McLane v. Evans, 57 S. W., 884; Williamson v. Wright, 1 Posey, 719; Rev. Stats., art. 3358; Oldham v. Medearis, 90 Texas, 507; 28 Cyc., 844.

The court erred in foreclosing the attachment lien, because an attachment lien cannot be foreclosed in a scire facias proceeding. Taylor v. Harris, 21 Texas, 440; Bullock v. Ballew, 9 Texas, 499; Camp v. Gainer, 8 Texas, 373; Taylor v. Doom, 43 Texas Civ. App., 59; Art. 188, Civil Statutes; Bank v. Fuchs, 89 Texas, 201.

The court erred in holding that the judgment sought to be revived was dormant, because the uncontradicted evidence showed that said judgment had never been entered of record. Brown v. Reese, 67 Texas, 318; Hubbart v. Bank, 119 S. W., 713.

*E. W. Hander* and *Williams & Williams*, for defendants in error.— Mere lapse of time will not defeat a proceeding to enter a duly rendered but unentered judgment nunc pro tunc, where justice between the parties demands such entry and no intervening rights of innocent third parties have accrued. Sayles Civ. Stat., art. 1357; 18 Enc. Plead. & Prac., 464, 469, 470; Freeman on Judgments, art. 61; 1 Black on Judgments, art. 130; Burnett v. State, 14 Tex., 455; Ximenes v. Ximenes, 43 Texas, 463; Hamilton Brown Co. v. Whitaker, 23 S. W., 523; Ramsey v. McCauley, 9 Texas, 108; Alexander v. Barton, 6 Texas Ct. Rep., 689; Totti v. Kinnear, 144 S. W., 326; Liddell v. Bedenheimer, 95 N. W., 475; Mahasks v. Bennett, 129 N. W., 838; Ex Parte Howland, 102 Pac., 927; Montgomery v. Vier, 114 S. W., 251; Martin v. Brown, 144 S. W., 1115; Risser v. M., 53 N. W., 270; 18 Enc. Plead. & Prac., 464, 469, 470. On Laches: 5 Words & Phrases, 3969; 35 N. E., 369; 61 Fed. Rep., 213; 31 Alt., 833; 75 Fed. Rep., 860; Dubois v. Clark, 55 Pac., 750; People v. Scannell, 59 N. Y. Supp., 679; Hellams v. Pryor, 42 S. E., 106; Johnson v. Atlantic, etc., 156 U. S., 618.

The failure of appellees to prove that their attorney prepared a draft of their said $1,823.00 judgment and submitted it to the court in the proceedings had on April 8th, 1903, does not establish such negligence on their part as will bar the entry of said judgment nunc pro tunc. Rev. Statutes, art. 1087; District Court Rule No. 48; Nell v. Dayton, 49 N. W., 981-2.

The court did not err in foreclosing attachment lien because a scire facias proceeding, where no new parties are sought to be

charged, is a continuation of the original suit. Masterson v. Cundiff, 58 Texas, 474; Slaughter v. Owens, 60 Texas, 671; 35 Cyc., 1157, sec. b.

The court did not err in foreclosing the attachment lien because the dormant judgment sought to be revived by the scire facias was a debt. Slaughter v. Owens, 60 Texas, 671.

The judgment becomes dormant after twelve months from the date of its rendition and not from the date of its entry upon the minutes. Rev. Stat., art. 2326a; Skelton v. Burns, 5 Tex. Ct. Rep., 280.

The docket entry by the court of the $1,823.00 judgment is sufficient to authorize the nunc pro tunc entry of the same. Rev. Statutes, arts. 1202, 2971; Taylor v. Murphy, 50 Texas, 291.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

In the trial court this was a proceeding by scire facias, instituted by the defendants in error in the year 1909, to have entered nunc pro tunc and to revive a judgment rendered in 1903 in their favor against the plaintiff in error, in connection with which proceedings an attachment was sued out and levied. The judgment involved was originally obtained in 1898, but no execution was issued within one year from its rendition. In 1902 levy of an execution sued out on the judgment was made upon property belonging to the plaintiff in error, who thereupon filed an injunction suit to restrain its sale upon the ground that the judgment was dormant and the property levied upon, exempt. In that suit defendants in error, defendants therein, pleaded their judgment and prayed that it be revived. Another party intervened claiming a lien upon the property seized. Upon a hearing of the case the court rendered the following judgment according to the docket entry in the judge's handwriting (the Kate McChesney mentioned being the plaintiff in error, such being her name at that time):

"4/8/03. Judgment for plaintiff perpetuating the injunction heretofore issued, and for defendants for balance due on the judgment sued on by them, viz.: $1,823, against Kate McChesney, alias Winnie Clark, and her husband so far as he may be liable, and for intervener against both plaintiffs for amount of its debt, etc., to which defendants except and give notice of appeal."

In the entry of the judgment upon the minutes, however, that part of it which awarded a recovery in favor of these defendants in error against the plaintiff in error of $1,823.00, was omitted.

This proceeding, instituted by defendants in error in 1909, as stated, by petition filed in the same cause, proposed no change in the judgment as entered in the minutes, other than to incorporate in it, in proper form, such omitted portion and as actually decreed by the court.

It is contended by plaintiff in error that the proceeding was an "action" to correct a judgment, and therefore barred by the limitation provided in Article 3358, Rev. Stats., 1895, which is as follows:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four

years next after the right to bring the same shall have accrued, and not afterwards.''

The solution of this question lies primarily in the substantial distinction which exists between the rendition and the entry of a judgment, and between the exercise of powers inherent in a court and those which depend for their operation upon the petition of parties. The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. Freeman on Judgments, sec. 38. Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. Freeman on Judgments, sec. 56; Ency. P. & Prac., Vol. 18, p. 459. Our statutes providing for the correction of mistakes in the record of judgments and decrees (Arts. 1356 and 1357, Sayles Civil Stat.) govern the procedure of its exercise, but they are only cumulative of this inherent power of the courts to have their records at all times speak the truth. If a court is made aware that, through mistake or omission, its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right but the duty of the court, of its own motion and after due notice to the parties, to order the proper entry. The nature of a judicial record, the accuracy of which is the peculiar concern of the court and which for that reason and to that extent remains within the court's control, forbids that its correctness as an expression or evidence of judicial action should depend upon the inauguration of a proceeding by the parties, and it is therefore plain that such a proceeding only invokes an authority which the court may exercise of its own accord. In Ximenes v. Ximenes, 43 Texas, 458, Judge Moore quoted the following language from the opinion of Judge Wheeler in Bennett v. The State, 14 Texas, 456: "Every court has the right to judge of its own records and minutes, and if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the term when it was made"; and then announced: "And there can be no doubt, we think, that this court may, at a subsequent term after a final judgment, if there is the proper predicate for it, correct clerical errors or mistakes, cure defects of form, or add such clause as may be necessary to carry out the judgment of the court, make the entry in the minutes correspond with and correctly express the judgment actually rendered, as shown by the entire record." In Whittaker v. Gee, 63 Texas, 435, it was held by Chief Justice Willie as follows: "Frequent decisions of this court have settled the right to have a judgment amended after the expiration of the term at

which it was obtained, when, through mistake or clerical error, the record does not speak fully or truly the judgment actually rendered in a cause.''

A proceeding of such character, whose only purpose is to have the judgment entry speak truly the judgment as rendered, neither asserts nor seeks the enforcement of any new right. It presents no issue between the parties except in respect to the accuracy of the record, and otherwise involves the adjudication of nothing between them. It is powerless to re-open the controversy as closed and sealed by the judgment, and makes no such attempt. The inquiry under it is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined. If an amended or corrected entry be ordered the status of the parties and their relative rights, as decreed and fixed by the judgment, remains untouched and unaltered, in no sense adjudicated anew, but only judicially evidenced as originally determined. The result is that only that is done by the court which it had the inherent power to originally do as a part of its decision of the case, and which it would have done in the interest of a truthful record. It is as much the concern and duty of the court to have its records faithfully recite its judgments as it is to render the judgments themselves, and for that reason it is held that its jurisdiction over its records does not end with the term. In this sense a case is regarded as pending until the judgment rendered is correctly recorded. It is the right of parties to have such a record; and it ought not to be the law, and in our opinion it is not the law, that they are under the necessity of instituting an independent suit to obtain it. A proceeding of this nature cannot, therefore, be regarded as an ''action'' within the meaning of the statute referred to, and is not affected by the limitation therein provided.

It is not questioned here that in the injunction case above mentioned a judgment for $1,823.00 in favor of the defendants in error against the plaintiff in error was actually rendered by the court, and it is therefore beyond dispute that, because of the omission of this much of what the court pronounced, the entry upon the minutes failed as a record to evidence the entire judgment rendered in the case.

It should also be noted that this proceeding did not have for its purpose the correction or amendment of the judgment rendered by the court as distinguished from the entry of the judgment upon the minutes. It sought only to amend the entry, nunc pro tunc, so as to include that which was omitted and thereby afford a faithful record of the whole judgment. In other words, it did not seek the amendment or correction of a judicial mistake as distinguished from a clerical mistake or omission. It is clearly distinguishable, therefore, from the cases of DeCamp v. Bates, 37 S. W., 644, in which a writ of error was refused by this court and which is now invoked by the plaintiff in error, Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448, and others which involved the correction, not of the entry of a judgment, but what was charged to have been a mistake in its rendition. In DeCamp v. Bates the judgment as rendered was against a partnership. It was so entered without running also against the

individual members of the partnership. Suit was filed to so correct it as to include a judgment against them individually. The trial court refused the relief, because, among other reasons, the evidence was not sufficient to show that the judgment as entered was not the judgment actually rendered. The case in effect was that as the judgment, not only as entered but as rendered, was not against the individual members of the partnership as it was claimed it should have been, the court was asked to correct the judgment so as to so render it. An amended rendition of the judgment was really the relief sought, which is distinctly different in its nature from an effort only to have accurately entered what had been correctly rendered.

In Railway Company v. Haynes, the trial judge, in his computation of the damages he intended to award the plaintiffs, omitted a certain amount through oversight, and accordingly rendered judgment for a mistaken amount. The mistake consisted in the rendition of the judgment; it was a judicial mistake, not a clerical one, and was properly held as not subject to correction by the trial court on mere motion after adjournment of the term.

These two cases well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary as its jurisdiction of the case is at an end. In the latter instance, the court may, at a subsequent term, of its own motion or upon the application of parties, order the proper entry because the inherent power that it possesses as a court over its own records, endures for the sake of their verity.

The right of parties to have the entry correspond with the judgment rendered is not affected, as is contended by counsel for plaintiff in error, by Rule 48 for the government of the District Courts, which provides that counsel of the party for whom a judgment is to be rendered shall prepare the form of the judgment to be entered and submit it to the court. While that rule imposes a proper duty upon counsel for the successful party and should be enforced, its operation is not such as to make the records of the court depend upon the diligence or care of counsel in the case. The court has an independent concern in the correctness of its records, and its right in the premises cannot be disposed of by the negligence or omission of attorneys for the parties.

We do not regard the question of laches as involved in the case. True, there was an interval of six years between the date of the rendition of the judgment and the application for the nunc pro tunc entry, but laches means more than mere delay. The position of the parties had undergone no change; no intervening rights had accrued, and nothing was shown that made inequitable the granting of the order for a proper entry of the judgment. In the injunction case the plaintiff in error admitted in her pleadings that she owed the defendants in error the amount awarded; the judgment was therefore fairly

rendered; it remained unsatisfied, and was accordingly but right and just that it should be entered so that it might possess the force and virtue to which as a judgment it was entitled.

While it is our opinion that the right to have the entry of a judgment corrected or amended so as to truthfully speak the judgment as rendered, is not affected by statutes of limitation, we do not wish to be understood as holding that it may not be defeated by the laches of the party invoking it, under a correct application of that doctrine. It should be also stated that it can never be availed of to the prejudice of the rights of innocent third parties.

The defendants in error in this proceeding sought to revive the judgment by scire facias, in addition to having a proper entry of it carried to the minutes, and in connection with their suit to so revive the judgment, as has been said, an attachment was sued out and levied. It is contended that an attachment could not lawfully issue in such a scire facias proceeding.

The judgment was dormant under the statute because no execution had been issued within a year from its rendition. No execution could issue in the first place until it was entered in the minutes. Brown v. Reese, 67 Texas, 318; Hibbart v. Willis State Bank, 119 S. W., 711. It was entitled to be revived, but until revived it could not be enforced by execution. Though dormant and its revival was sought by scire facias, it was nevertheless a debt. Slaughter v. Owens, 60 Texas, 671. While the technical judgment upon a scire facias to revive a judgment is ordinarily only that execution issue, effect should be given to the substance of the proceeding rather than its form. As the judgment was a debt, the proceeding to revive it was nothing more nor less than a suit for debt, and the attachment was accordingly authorized. As early as Bullock v. Ballew, 9 Texas, 498, it was recognized that an action to revive a judgment is substantially an action of debt. With a judgment debtor about to make a fraudulent disposition of his property, the law would impose upon an owner of a dormant judgment a hard condition if, with the right to an execution refused, it likewise denied him the right to an attachment upon the institution of a suit to revive his judgment.

The Honorable Court of Civil Appeals has correctly disposed of the case. Its judgment and that of the District Court should be affirmed, and it is so ordered.

*Affirmed.*