**FISCHER v. HUFFMAN et al.**

No. 6245.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 10, 1952.

Rehearing Denied Dec. 15, 1952.

879

Leigh Fischer, Borger, for appellant.

Hood & Hood, Borger, for appellee.

MARTIN, Justice.

Appellees, Vera Huffman and Howard Huffman, recovered judgment against appellant, Leigh Fischer, in the County Court of Hutchinson County for possession of certain premises and for damages in the amount of $300. At a subsequent term of the County Court, appellant made a motion for judgment nunc pro tunc, thereby requesting the trial court to set aside that portion of the original judgment granting appellees $300 damages. Appellant's contention is that the judgment of the court for $300 damages was not supported by pleadings in the cause or by the verdict of the jury. From the record brought up by appellant, it appears that such point would have been well taken had an appeal been perfected from the original judgment. But no appeal was perfected from such judgment.

Appellant's motion for judgment nunc pro tunc is not sufficient to constitute a pleading in equity in the nature of a bill of review within the requirements of Sedgwick v. Kirby Lumber Co., 130 Tex. 163, 107 S.W.2d 358. Such motion sought to correct a "judicial mistake as distinguished from a clerical mistake or omission." Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1042, syl. 5. The courts are uniform in ruling that a judicial mistake cannot be corrected by a motion for judgment nunc pro tunc under Rules 316 and 317, Texas Rules of Civil Procedure. 25 Tex.Jur. Sec. 68, pp. 436-437; Coleman v. Zapp, supra; Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819; Hannon v. Henson, Tex.Civ.App., 7 S.W.2d 613, syl. 5-7; Bridgman v. Moore, Tex.Civ.App., 206 S.W.2d 871, syl. 7, 8; Corbett v. Rankin Independent School Dist., Tex.Civ.App., 100 S.W.2d 113, syl. 8.

The order of the trial court refusing to enter judgment nunc pro tunc also denies appellant's application for injunction. Appellant brings up no point of error or brief as to the court's refusal to issue an injunction and any error under this issue is waived. Burgess v. Sylvester, 143 Tex. 25, 182 S.W.2d 358, syl. 7; Wedgworth v. City of Fort Worth, Tex.Civ.App., 189 S.W.2d 40, syl. 4.

The judgment of the trial court refusing to enter judgment nunc pro tunc and denying appellant's petition for injunction is affirmed.