**COMET ALUMINUM COMPANY, Inc.,**
**Relator,**

v.

**Honorable Joe B. DIBRELL et al.,**
**Respondents.**

**No. B–1729.**

Supreme Court of Texas.

Jan. 14, 1970.

Rehearing Denied Feb. 18, 1970.

John H. Holloway, Houston, for relator.

Carr, Osorio, Palmer, Dickson, Long & Coleman, William Dickson, Houston, for respondents.

CALVERT, Chief Justice.

In this original proceeding in this court, relator, Comet Aluminum Company, Inc., seeks a writ of mandamus directing Hon-

orable Joe B. Dibrell, District Judge, one of the respondents, to set aside a nunc pro tunc judgment and a judgment ordering a new trial rendered and entered in Cause No. 689,616, styled Comet Aluminum Company, Inc. v. Sam Levine, Individually and d/b/a Tele-Sales, on the docket of the 125th Judicial District Court of Harris County. The writ is ordered conditionally issued.

The chronological sequence of events in the suit by Comet against Levine which led to the filing of this proceeding is as follows:

1-9-67: Comet filed its First Amended Original Petition by which it sought a recovery of $4,354.98, alleged to be due on a debt for money lent, "together with interest thereon at the maximum legal rate from September 12, 1964," and "attorney's fees in the sum of $1,000.00."

8-21-68: The case was tried by Judge Dibrell, and at the conclusion of the trial, he announced: "Gentlemen, . . . I am going to have to award judgment to the plaintiff in the amount of $4,-354.98. . . . And since no attorneys fees were proved up, or no actual demand, I am not allowing any attorney's fees." Thereupon, he made the following notation in the docket: " . . . Judgment announced in favor of plaintiff against defendant for amount of $4,354.98—Notice of appeal."

8-23-68: Judge Dibrell signed a written draft of judgment, approved as to form and substance by the attorneys for both parties, awarding a recovery of $4,354.98, and continuing, " . . . with interest thereon at the rate of six percent (6%) per annum from September 12, 1964; and for all costs in this behalf expended, for all of which let execution issue. All recovery not specifically awarded herein is expressly denied. . . ." Above the signature of the judge was this legend: "RENDERED, SIGNED and ENTERED this the 23 day of August, 1968." Notice of appeal by Levine was contained in the draft of judgment, but the appeal was not perfected.

12-5-68: Levine filed a "Motion for Entry of Judgment Nunc Pro Tunc" by which he sought the entry of a judgment correcting the draft of judgment of 8-23-68 by eliminating therefrom the award of pre-judgment interest from September 12, 1964.

1-16-69: Judge Dibrell refused and denied the motion for judgment nunc pro tunc "for want of merit," and Levine gave notice of appeal.

3-3-69: Judge Dibrell, on his own motion, rendered and entered a nunc pro tunc judgment which, after reciting that judgment for pre-judgment interest had not been rendered on 8-21-68 and that inclusion of such interest in the 8-23-68 draft of judgment was, therefore, a clerical error, awarded Comet judgment for only the principal sum of $4,354.98. The judgment also contained a recitation that "[a]ll recovery not specifically awarded herein is expressly denied." On some date not shown in the record, Comet filed a motion to set aside this judgment.

3-6-69: Levine filed a one-paragraph motion for new trial.

3-17-69: Hearing was had on Comet's motion to set aside the nunc pro tunc judgment of 3-3-69 and on Levine's motion for new trial.

3-28-69: Judgment was rendered and entered refusing and denying Comet's motion to set aside the nunc pro tunc judgment, but such judgment was "modified" to strike the recitation, "[a]ll recovery not specifically awarded herein is expressly denied." A separate judgment was then rendered granting Levine's motion for new trial.

The position of Comet in this court is that the 3-3-69 nunc pro tunc judgment was void, and that the subsequent judgment setting aside that judgment and granting Levine a new trial is likewise void.

Levine defends the validity of the 3-3-69 judgment on the ground that the court's "pronouncement" on 8-21-68 of judgment for Comet for the sum of $4,354.98 constituted the "rendition" of judgment in the case, and that any other adjudicative provisions in the 8-23-68 written draft of judgment were nothing more than clerical errors in the "entry" of judgment which errors the trial judge was authorized to correct by a judgment nunc pro tunc. Having thus concluded that the 3-3-69 nunc pro tunc judgment was valid, Levine then turns to the provisions of Rule 306a, Texas Rules of Civil Procedure, as authority for the judgment granting his motion for a new trial. We will first examine the validity of the nunc pro tunc judgment; if it is void, the judgment granting a new trial falls automatically. Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup.1968).

■ The law is now well settled in this state that clerical errors in the "entry" of a judgment, previously rendered, may be corrected after the end of the court's term by a nunc pro tunc judgment, but that judicial errors in the "rendition" of a judgment may not be so corrected. Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup. 1968); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Rule 316, Texas Rules of Civil Procedure. Judicial errors committed in the rendition of judgment must be corrected by appeal, writ of error or bill of review. Finlay v. Jones, supra. The crucial inquiry in this proceeding is, therefore, whether the trial court "rendered" judgment for Comet for pre-judgment interest by its 8-23-68 written draft of judgment, or whether, to the contrary, the award of pre-judgment interest by such draft was, as the court subsequently found, a mere clerical error in the entry of judgment.

Before applying the law to the facts of this case, it will be well to summarize the material and relevant facts once again. By its first amended petition, Comet expressly sought three items of recovery, to wit: (1) a debt of $4,354.98; (2) pre-judgment interest "at the maximum legal rate from September 12, 1964"; and (3) "attorney's fees in the sum of $1,000.00." At the conclusion of the evidence on the trial of the case, the trial judge pronounced judgment in open court on the first and third issues tendered by the pleadings, but did not pronounce judgment on the second issue of pre-judgment interest. The docket entry indicated that judgment had been rendered only on the first issue. Conversely, the court's written draft of judgment, executed on 8-23-68, disposed of all three issues. It (1) awarded Comet a recovery of the principal amount of the debt in the sum of $4,354.98; (2) awarded a recovery of pre-judgment interest at the rate of 6% from September 12, 1964; and (3) denied a recovery of attorney's fees by denying a recovery of all relief not specifically awarded. Thus, while it may correctly and properly be said that the written instrument signed by the judge on 8-23-68 was but a written momorandum of a judgment previously rendered on the first and third issues, it contained the first words spoken by the judge, either orally or in writing, with respect to the second issue.

■ In Coleman v. Zapp. 105 Tex. 491, 151 S.W. 1040, at 1041 (1912), we stated that a judgment's "rendition is the judicial act by which the court settles and declares the decision of the law upon *the matters at issue*." [1] And in Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, at 292 (1953), we quoted Freeman on Judgments as stating that a judgment is " 'rendered' when the decision is officially announced either orally in open court *or by memorandum filed with the clerk*." [2] We then quoted

---

1. Emphasis ours.

2. Emphasis the court's in Knox v. Long.

with approval from Appeal of Bulkeley, 76 Conn. 454, 57 A. 112, 113, as follows:

"A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause."

 Pre-judgment interest is always recoverable as damages "when the principal damages are fixed by conditions existing at the time the injury is inflicted." Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83, at 89 and 92–93 (1955). Such damages having been expressly sought by Comet, the trial court had a duty to decide the issue and to render judgment with respect thereto. This duty was not discharged or terminated by the oral rendition of judgment on the other two issues on 8–21–68; and it is immaterial that a denial of recovery of pre-judgment interest would have been implied in the absence of an actual decision of the issue. See Vance v. Wilson, 382 S.W.2d 107 (Tex.Sup.1964).

We hold that the provision in the 8–23–68 written draft of judgment awarding Comet a recovery of pre-judgment interest was a "rendition" of judgment as to that item, and, if error, was judicial and not clerical error, the trial court's finding to the contrary notwithstanding. Therefore, the nunc pro tunc judgment of 3–3–69 purporting to eliminate the item as clerical error was void; and subsequent judgment of 3–28–69 granting Levine a new trial is likewise void.

Levine insists that a writ of mandamus should not issue to require Judge Dibrell to set aside the two judgments because Comet had a remedy by appeal from the nunc pro tunc judgment. We cannot accept this premise. The record discloses that the trial judge had granted Levine a new trial before Comet could possibly have obtained relief from the nunc pro tunc

judgment by appeal, and there is no right of appeal from a trial court judgment granting a new trial.

We assume that Judge Dibrell will set aside the nunc pro tunc judgment of 3–3–69 and his judgment of 3–28–69 granting Levine a new trial. Writ of mandamus will issue to require that action if he should refuse.