George B. SHEPHERD et al., Appellants,

v.

ESTATE of Addie Mae LONG, Deceased, et al., Appellees.

No. 17304.

Court of Civil Appeals of Texas, Fort Worth.

April 14, 1972.

Rehearing Denied May 19, 1972.

Miteff & Evans and Meto Miteff, Fort Worth, for appellants.

Fillmore, Lambert, Farabee, Purtle & Smith and David Smith, Wichita Falls, for appellees.

## OPINION

BREWSTER, Justice.

The plaintiffs herein are appealing from a nunc pro tunc judgment that the trial court signed on September 18, 1971, after the original judgment that had been signed on November 30, 1970, and entered on December 2, 1970, had become final, and which nunc pro tunc decree purported to amend the original decree by deleting from it a part of the recovery that had been awarded plaintiffs by the original decree.

The original decree awarded the plaintiffs, Mr. and Mrs. Shepherd and Mr. and Mrs. Towles, a money judgment against the estate of Addie Mae Long, deceased, and against Harold Long, as the temporary administrator of the estate of Addie Mae Long, deceased, and against Harold K. Long, individually and as the sole surviving heir at law of Addie Mae Long, deceased.

The nunc pro tunc decree being appealed from purported to amend the original judgment by deleting therefrom the part that awarded the plaintiffs a money judgment against Harold K. Long, in his individual capacity and in his capacity as the sole surviving heir of the estate of Addie Mae Long, deceased. The court left intact the part of the original decree that gave plaintiffs judgment against the estate of Addie Mae Long and against Harold K. Long as temporary administrator of the estate of Addie Mae Long, deceased..

We will list the various events that occurred in connection with this matter.

1. On April 6, 1970, the plaintiffs filled this suit seeking judgment for damages against the following defendants: the estate of Addie Mae Long, Harold K. Long as temporary administrator of the estate of Addie Mae Long, deceased, and against Harold K. Long, individually and as the sole surviving heir at law of Addie Mae Long, deceased. The plaintiffs alleged that they sustained serious personal injuries in a car wreck involving the deceased's car and which wreck they alleged was proximately caused by the negligent acts of the deceased in the operation of her car, and sought to recover damages by reason of such injuries. The petition, in connection with plaintiffs' action against Harold K. Long in his individual capacity and in his capacity as the sole surviving heir of Addie Mae Long, deceased, alleged the following: "That the said Addie Mae Long died on the 8th day of April, 1968, . . . Intestate, leaving no will, and left as her sole surviving heir the

defendant Harold K. Long, her son, sued here individually since all of the assets of the Estate of Addie Mae Long are now in his possession and control, as the only heir at law of the Estate of Addie Mae Long, deceased, . . . ."

2. The defendant, Harold K. Long, filed an original and an amended answer herein answering in all the capacities in which he was sued.

3. A jury trial was held and the jury returned a verdict on October 30, 1970. The jury found Addie Mae Long, deceased, guilty of negligence, that proximately caused the car wreck and plaintiffs' damages and the verdict also established the amount of the damages. Plaintiffs were found to have not been negligent on the occasion. The phase of the case relating to the question of whether or not Harold K. Long was individually liable for plaintiffs' damages to any extent by reason of his possession of and control of the property belonging to deceased's estate was not submitted to the jury. No issues in the charge related to it. The record does not in any way show what evidence was offered during the trial relating to that feature of the case.

4. Defendants' motion for judgment nunc pro tunc says that they did file herein a motion for judgment non obstante veredicto on November 17, 1970, and that the court overruled it on November 27, 1970.

5. The original judgment was then signed by the judge on November 30, 1970. It awarded the plaintiffs damages against all defendants sued and against said defendants in all the capacities in which they were sued. This judgment set out the verdict in full and followed it with the following recital: " . . . whereupon the Plaintiffs having made, and the Court having duly heard and considered a Motion For Judgment, and such additional consideration and findings as were authorized by law having been had and made, and the Court being of the opinion that Judgment should be rendered as follows for the Plain-

tiffs George B. Shepherd and wife Avie Irene Shepherd and Sam Towles and wife Mattie Towles: . . . ." The court then proceeded to render judgment as is above indicated.

6. The defendants in all the capacities in which they were sued did on December 11, 1970, file a motion for new trial. Defendants, in their motion for judgment nunc pro tunc, admit that they never presented this motion for new trial to the court and that this motion for new trial was overruled by operation of law.

7. No appeal was taken by the defendants from the original judgment.

8. On August 30, 1971, the defendant, Harold K. Long, individually and as sole surviving heir at law of Addie Mae Long, deceased, did file herein a motion asking the court to enter a nunc pro tunc decree deleting from the original judgment the part that gave the plaintiffs a money judgment against Harold K. Long in his individual capacity and in his capacity as the sole surviving heir of Addie Mae Long, deceased.

9. The relief prayed for in the last motion mentioned was granted on September 18, 1971, by the trial court. This was done by a nunc pro tunc order signed on that date, which was long after the original judgment had become final.

Plaintiffs' only point urged on this appeal is that the trial court erred in rendering the nunc pro tunc decree on September 18, 1971, so as to amend and remove from the original decree of November 30, 1970, the recital that judgment is rendered against Harold K. Long, individually and as sole surviving heir of Addie Mae Long.

We sustain this point.

■ As far as the record shows, the court, after the jury trial, made no oral or written pronouncements indicating the judgment he was rendering in the case other than his act of signing the original judgment dated November 30, 1970. The court's rendition of judgment in this case

therefore occurred on November 30, 1970, at the time he signed this original judgment. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); and Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.Sup., 1970).

The law is settled in Texas that a previously rendered court judgment that has become final may not be corrected by a nunc pro tunc decree except where entered to correct a clerical error that has been made in the entry of the judgment. Judicial errors in the rendition of a judgment may not be corrected by a nunc pro tunc order. Such errors can only be corrected by appeal, writ of error or by bill of review. Finlay v. Jones, 435 S.W.2d 136 (Tex.Sup., 1968); Lone Star Cement Corporation v. Fair, 467 S.W.2d 402 (Tex.Sup., 1971); Comet Aluminum Company v. Dibrell, supra; Knox v. Long, supra; Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936).

One controlling question in this case is whether the claimed error sought to be corrected by the nunc pro tunc decree was a clerical error or a judicial one. The cases are clear that this question is a law question. See Finlay v. Jones, supra.

On this see Coleman v. Zapp, supra, 151 S.W. at page 1041, wherein the court said: "The inquiry . . . is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined."

If a court actually renders a judgment that for some reason is wrong and should not have been rendered, then that error, under the holdings of the above cited cases, is a judicial one and the court is powerless, after the judgment becomes final, to correct it by a nunc pro tunc decree.

But if the judgment that the court actually renders at the time he renders judgment in the case is incorrectly record-ed, such error is a clerical error, and the court has the power to correct his original decree, even after it has become final, by a nunc pro tunc decree in order to make the court records correctly show the judgment that was actually rendered.

Since the court's action in signing and thereby making effective as the judgment in the case the November 30, 1970, decree was itself the act of rendering the judgment therein contained, no valid argument can be advanced to the effect that the court did not in fact render a money judgment for the plaintiffs and against Harold K. Long, individually and as the sole surviving heir of Addie Mae Long, deceased.

The part of the original judgment that was deleted by the nunc pro tunc decree was a part of the judgment that the court actually rendered at the time he signed the original decree. That written decree correctly recorded the judgment that the court actually rendered at the time he rendered judgment in the case. The claimed error sought to be corrected is therefore a judicial error. This is not an instance where prior to signing the original decree that is sought to be corrected the court had rendered a decree contra to the recitals that are here complained of and where through error the recitals complained of somehow got into the written decree later signed by the court as the judgment in the case. The latter would be an example of a clerical error that can be corrected by a nunc pro tunc decree in order to make the record correctly show the judgment that the court actually rendered at the time he rendered it.

If this was a non-jury case we are convinced that under the holdings of the above cited cases the claimed error sought to be corrected in this case is a judicial one and that the trial court would have been powerless to amend it by its nunc pro tunc decree signed after the original judgment in the case had become final.

The defendants urge that the rule applicable in jury cases is different. We are re-

ferred to cases holding that entry of a judgment on a valid jury verdict involves no judicial or discretionary powers, but is simply a ministerial act. See Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296 (1926) and Williams v. Wyrick, 151 Tex. 40, 245 S.W.2d 961 (1952).

The defendant contends that because of the rule announced in those cases, that the court's action in this jury case in rendering and in entering judgment on the jury verdict was simply a ministerial act and that any error made by the court in the rendering or entering of a judgment under those circumstances is a mere clerical error of the type that can be corrected after the judgment becomes final by means of a nunc pro tunc decree.

We hold that under the facts of this case the holdings in the two cases just cited do not result in the error here involved being a clerical error instead of a judicial one.

It is not necessary for us to decide whether the holdings in these two cases make the rule applicable in jury cases in determining whether a claimed court error is judicial or clerical different from what the rule is in making the same determination in a non-jury case.

We are convinced that the rules above announced as applicable in making that determination in non-jury cases apply to this case also.

This case involved two features. It involved the feature relating to whether or not the plaintiffs or Addie Mae Long, deceased, committed negligence that proximately caused plaintiffs' damage. It was only that feature of the case that related to a recovery against the estate of Addie Mae Long, deceased, that was submitted to the jury. This case also involved the additional feature of whether or not plaintiffs were entitled to a judgment against Harold K. Long, individually and as the sole surviving heir of Addie Mae Long, deceased. That feature of the case was not submitted to the jury. The court in rendering judgment was duty bound to dispose of all par-

ties and all issues involved. He had to dispose of this last mentioned feature of the case without the aid of a jury verdict, so it follows that the question of whether a claimed error committed by him in decreeing judgment on that feature of the case is a judicial or a clerical error must be determined by the same rules that govern when the whole case is non-jury.

Actually the entire feature of the case wherein it is claimed that the error was committed was not submitted to the jury at all. A non-jury trial was had on that feature of the case.

We hold that the claimed error that the trial court sought to correct by the September 18, 1971, nunc pro tunc decree was a judicial error and that the court was powerless to render that decree in this case after the original judgment had become final.

We reverse the trial court's nunc pro tunc decree and render judgment declaring that decree to be void and ineffective to amend the original judgment signed and rendered by the trial court on November 30, 1970.