**In the Matter of the Marriage of Freida Ann DUNN and Darrell Jay Dunn.**

**No. 9050.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 10, 1979.

A. W. Salyars, Lubbock, for appellant.

Harry H. Jung, Crosbyton, for appellee.

REYNOLDS, Chief Justice:

The nunc pro tunc judgment appealed from attempts to amend the rendition of a final judgment, a judicial act which is not subject to amendment nunc pro tunc. Reversed and rendered.

On 15 June 1977, the trial court signed a judgment dissolving the marriage of Freida Ann Dunn and Darrell Jay Dunn, fixing the conservatorships of and support for their minor child, and dividing their estate. The judgment contains no specific adjudication of either party's liability for payment of income taxes. Approved as to form by the attorneys for the parties, the judgment became final.

A year later on 19 June 1978, Freida Ann, after being advised by Darrell Jay of her liability for 1977 income taxes, moved for the entry of a nunc pro tunc judgment to provide that Darrell Jay shall be responsible for the payment of all income taxes for the year 1977. As the basis for the relief sought, her motion recites

> that it was the original intention of the Court that all income taxes traceable to properties received by Respondent [Darrell Jay Dunn] should be born by Respondent in consideration of his receipt of the property in the division of the community estate. Such provision in the judgment was omitted by the attorneys in preparation of the judgment and such omission was unintentional. Unless such provision is entered in this cause, Petitioner [Freida Ann Dunn] will suffer unreasonable hardship and will have suffered an unfair division of the community property.

Darrell Jay opposed the motion. He pleaded that the original judgment contains the true and accurate rulings and orders of the court.

Hearing the evidence which was brought forward in the appellate record, the trial court found "that the allegations in the motion are true and that Petitioner is entitled to the relief sought therein." The court proceeded on 20 November 1978 to render a nunc pro tunc judgment, which is identical with the original judgment except for the addition of a provision reading:

> IT IS DECREED that Respondent for and in consideration of the receipt of the properties herein before described shall bear and be responsible for payment of all income taxes accumulated and payable to Internal Revenue Service for the year

1977 derived from income on said properties.

Darrell Jay has appealed. He contends, in essence, that the nunc pro tunc judgment is void because the correction it attempts to make is judicial in nature and beyond the power of the court to make after the original judgment became final. Freida Ann counters that the correction was clerical in character and may be made at any time.

■ When the trial court's decision is officially announced, either orally in open court or by written memorandum filed with the clerk, the judgment is rendered. After the judgment has become final, clerical errors in the "entry" of the judgment rendered may be corrected by a nunc pro tunc judgment, but judicial errors in the "rendition" of the judgment may not be so corrected. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970). Whether error in the original judgment is judicial or clerical is a question of law, and the trial court's finding or conclusion as to the nature of the error is not binding on the appellate court. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968).

■ Thus, the critical inquiry is not what judgment might or ought to have been originally rendered, but what judgment was rendered. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041 (1912). Once the entry and finality of the original judgment were established, Freida Ann had to show that the judgment entered was not the judgment rendered before she was entitled to the nunc pro tunc judgment. However, the accuracy of the original judgment entered has not been questioned. Freida Ann does not even contend that the court earlier had orally pronounced or rendered a judgment different from the one entered. Indeed, she has neither challenged nor contradicted Darrell Jay's statement in his brief that the complete transcription of the hearing "is totally void of any proof of any prior decree or ruling by Judge Bevers [the trial judge] on the question of income taxes for the year 1977." Although this unchallenged statement is, by authority of Tex.R.Civ.P. 419,

**168**

acceptable as a correct one by this Court, *Dittberner v. Bell,* 558 S.W.2d 527, 534 (Tex. Civ.App.—Amarillo 1977, writ ref'd n. r. e.), the statement of facts reveals it to be a worthy statement.

Beyond that, the trial court did not find there had been a clerical error in entering the judgment originally rendered. The court found only that the allegations in Freida Ann's motion were true. Given their verity, these allegations, while submitting the original intention of the court was to adjudicate responsibility for payment of income taxes, declare that the provision therefor "was omitted by the attorneys in preparation of the judgment." The judgment prepared was the judgment signed. There may have been a mistake in failing to declare the judge's intention when the judgment was rendered, but, if so, the rendition of judgment was a judicial act, *Love v. State Bank & Trust Co. of San Antonio,* 126 Tex. 591, 90 S.W.2d 819, 821 (1936), which cannot be amended nunc pro tunc. *Miller v. Texas Life Ins. Co.,* 123 S.W.2d 756, 759 (Tex.Civ.App.—Dallas 1938, writ ref'd). Therefore, the judge was powerless to reopen the controversy as closed and sealed by the original judgment and to materially alter its terms by judgment nunc pro tunc. *McHone v. Gibbs,* 469 S.W.2d 789, 790–91 (Tex.1971).

In short, the court was attempting to adjudicate a controversy which had arisen between the parties over the original judgment. The court determined that the terms of the judgment should be changed by adding something to the judgment rendered. That determination is judicial in character and not correctable nunc pro tunc after the judgment became final. Reavley and Orr, *Trial Court's Power to Amend its Judgments,* 25 Baylor L.Rev. 191, 197 (1973). Therefore, the nunc pro tunc judgment purporting to alter the original rendition of judgment as clerical error is void. *Comet Aluminum Company v. Dibrell, supra,* at 59.

Accordingly, the nunc pro tunc judgment is reversed, and we render the judgment the trial court should have rendered. Tex.

R.Civ.P. 434. The motion for judgment nunc pro tunc is overruled and it is ordered that Freida Ann Dunn take nothing by her motion.