**Arvie Lee Mills HUMPHRIES, Appellant,**

v.

**Leo Z. CHANDLER et al., Appellees.**

No. 8363.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 24, 1980.

B. Regan McLemore, Longview, for appellant.

Terrell L. Pace, Livingston, for appellees.

DIES, Chief Justice.

In May of 1973, appellees, Leo Z. Chandler, Verdo R. Chandler, Donna Chandler Reynolds, Nellie Jo Holt, Barbara Ann Vallery, Steve W. Chandler, and Donis D. Chandler, Jr., filed a petition to declare heirship in the County Court of Polk County. Appellees were the children and grandchildren of Leola Chandler Mills, deceased. Appellees were the issue of Leola Chandler prior to her marriage to S. V. Mills, deceased. Appellant, Arvie Lee Mills Humphries, is a child of S. V. Mills, deceased, by a marriage prior to his marriage to Leola Chandler. Both Leola and S. V. Mills died intestate.

Appellant and appellees entered into an agreed order of determination of heirship on September 16, 1975, to the effect that appellees jointly received one-half of their mother's and grandmother's estate and that appellant received one-half of her stepmother's estate.

On April 23, 1979, after motion by appellees, the court entered a nunc pro tunc judgment which among other things provided: "Any mention of ARVIE LEE MILLS HUMPHRIES receiving any share or portion of the Estate of LEOLA CHANDLER MILLS, DECEASED, is Ordered stricken and deleted from the Order of Determination of Heirship." From this nunc pro tunc judgment, appellant has perfected this appeal.

Appellees argue that the 1975 judgment gave appellant a greater interest than was intended, and that the court has the power to correct this judgment to reflect what was actually intended.

In *Perkins v. Dunlavy*, 61 Tex. 241, 244 (1884), the Court said:

"The application for judgment *nunc pro tunc* was based upon the ground that the district judge erred in quashing the citation, and holding the defendant was not in court in such manner that a judgment by default could not be taken against him. Admitting for the purposes of this appeal that the judge did err in such ruling, it was an error or incorrect action in a matter of law which cannot be

revised or reversed at a subsequent term upon a motion to enter a different judgment *nunc pro tunc.*"

After a judgment has become final, clerical errors in the entry of the judgment rendered may be corrected by a nunc pro tunc judgment, but judicial errors in the rendition of the judgment may not be corrected. *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970). This question (whether clerical or judicial) is a question of law, and the trial court's finding or conclusion is not binding on the appellate court. *Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex.1968). The critical inquiry is not what judgment might or ought to have been originally rendered, but what judgment was rendered. *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, 1041 (1912). See the recent and scholarly decision in *In Re Marriage of Dunn,* 589 S.W.2d 166 (Tex.Civ.App.—Amarillo 1979, no writ), where the trial court determined that its original judgment of divorce should be changed by adding an income tax provision. The Amarillo Court correctly held this to be improper as a judicial and not a clerical change.

In *Fischer v. Huffman,* 254 S.W.2d 878 (Tex.Civ.App.—Amarillo 1952, writ ref'd), appellees recovered a judgment for possession of certain premises and for damages in the amount of $300. Subsequently, appellant moved for a judgment nunc pro tunc to set aside that portion of the judgment awarding the $300 damages, as not having been plead or found by the jury. The court held this to be a "judicial" mistake and incapable of cure by a nunc pro tunc judgment.

In *Shelby v. Shelby,* 517 S.W.2d 696, 698 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.), the court said:

"However, where the recorded judgment correctly states the court's decision, the fact that it did not, through inadvertence or mistake, correctly reflect the court's true intent, does not justify correction through entry nunc pro tunc. McDonald, *Texas Civil Practice,* 17.08.1 p. 61."

And see *Shepherd v. Estate of Long,* 480 S.W.2d 51, 54 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.):

"If a court actually renders a judgment that for some reason is wrong and should not have been rendered, then that error, under the holdings of the above cited cases, is a judicial one and the court is powerless, after the judgment becomes final, to correct it by a nunc pro tunc decree."

In Reavley and Orr, "Trial Court's Power to Amend Its Judgments," 25 Baylor L.Rev. 191, 197 (1973), we find:

"The following are examples of mistakes that have been held to be judicial, and thus not correctable after the judgment becomes final: . . . (5) where the judge determines that something should be deleted from the judgment that was rendered."

We conclude that the 1979 nunc pro tunc judgment in the instant case was an attempt to cure a judicial error and, therefore, improper. We set this judgment aside and hold it for naught.

REVERSED and RENDERED.