**Rodolfo ESCOBAR, et al., Appellants,**

v.

**Ramon ESCOBAR, et al., Appellees.**

**No. 04-83-00544-CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 25, 1985.

Rehearing Denied Oct. 24, 1985.

Margil Sanchez, Jr., Rio Grande City, for appellants.

Frank R. Nye, Jr., Rio Grande City, for appellees.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a *nunc pro tunc* judgment.

The litigation giving rise to this appeal was commenced in 1956 as a tax suit filed by Starr County to determine tax liability of the owners of over two hundred numbered tracts of land in Porcion 78, Mier Jurisdiction, Starr County, Texas, and for judgment establishing and enforcing its tax lien for taxes duly assessed. Numerous parties answered, including appellants Rodolfo Escobar, Guadalupe Escobar and Nazaria Escobar (as heirs of Cornelio Escobar) who claimed ownership in tracts 34 and 38 and appellees Ramon Escobar, Amelia E. Garza, Eustacio Escobar, Maria Nin-

fa Escobar, Alfredo Escobar, Alba E. Martinez, Alicia E. Leas, Nora Luz E. Garcia (as heirs of Juan Escobar) and F. Randle Nye claiming ownership in tract number 34 through adverse possession.

At various times during the many years that the trial went on, the trial court, upon motion of some of the claimants, including appellees herein, entered judgments and orders of severance awarding title to the claimants in certain numbered tracts based on their adverse possession claims.

On January 25, 1982, a judgment prepared by appellee Frank Randle Nye, Jr., upon orders of the trial court, was signed and entered by the Honorable Myrlen O. Johnson, one of three judges that had presided over the lengthy trial and who had previously signed and entered all of the judgments and orders of severance in regard to several of the numbered tracts in Porcion 78. This judgment referred to and listed each of the previously signed and entered judgments and orders of severance and the contents of each judgment. Included in such list was a reference to a judgment and order of severance in regard to tract 38, describing tract 38 as containing 315 acres and awarding tract 38 to appellants, but, unlike all of the other listed judgment and orders of severance, it contained no "date of judgment." All such listed judgments and orders of severance were thereafter affirmed by the trial court in its judgment of January 25, 1982.

On February 25, 1983, appellees filed a motion to correct the judgment of January 25, pursuant to Rules 316 and 317, Texas Rules of Civil Procedure. In their motion appellees alleged that the reference in the judgment of January 25, 1982 to a judgment and order of severance having previously been entered, was an error on the part of the drafter of the judgment and should not have been included because no such judgment and order of severance had ever been entered during the trial of the case; that it was a clerical error that could be corrected by a *nunc pro tunc* judgment. Appellants opposed the motion on the

ground that the error if any was judicial rather than clerical and the court was without jurisdiction to correct it.

On August 9, 1983, the Honorable Ricardo Garcia, Judge Presiding, after hearing, entered a *nunc pro tunc* judgment deleting the entry as to tract 38 and ordered all references to tract 38 in paragraph 2 of the judgment of January 25, 1982, "deleted so that the record may speak the truth...." and further ordered the elimination of all mention of tract 38 from the affected pages in the judgment of January 25, 1982. It is from this judgment that appellants appeal.

The principal issue is whether a judicial error or a clerical error is involved. We conclude that a judicial error is involved and reverse the judgment of the trial court.

■ It is well settled that after a judgment has become final, as in the case before us, clerical errors in the entry of the judgment rendered may be corrected by a *nunc pro tunc* judgment, but judicial errors in the rendition of the judgment may not be so corrected. *Taack v. McFall*, 661 S.W.2d 923, 923–24 (Tex.1983); *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); *Universal Underwriters Insurance Co. v. Ferguson*, 471 S.W.2d 28, 29 (Tex.1971); *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970); *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968); *Williams v. Wyrick*, 151 Tex. 40, 42–43, 245 S.W.2d 961, 962 (1952); *Humphries v. Chandler*, 597 S.W.2d 2, 3 (Tex.Civ.App.—Beaumont 1980, no writ); *In the Matter of the Marriage of Dunn*, 589 S.W.2d 166, 167 (Tex. Civ.App.—Amarillo 1979, no writ); *Stauss v. Stauss*, 244 S.W.2d 518, 519 (Tex.Civ. App.—San Antonio 1951, no writ); *O'Neil v. Norton*, 33 S.W.2d 733, 734 (Tex.Comm'n App.1931, opinion adopted). Whether errors in the original judgment are judicial or clerical is a question of law, and the trial court's findings or conclusions as to the nature of the errors is not binding on this court. *Finlay*, 435 S.W.2d at 138; *Humphries*, 597 S.W.2d at 3; *Dunn*, 589 S.W.2d at 167. The critical inquiry is not what judgment might or ought to have been originally rendered, but what judgment was rendered. *Coleman v. Zapp*, 105 Tex. 491, 494, 151 S.W. 1040, 1041 (1912); *Humphries*, 597 S.W.2d at 3; *Dunn*, 589 S.W.2d at 167.

■ A judgment's rendition is the judicial act by which the court settles and declares the decision of the law upon the matter at issue. *Coleman*, 105 Tex. at 494, 151 S.W. at 1041; *Comet Aluminum*, 450 S.W.2d at 58. In the case before us we are of the opinion that the court rendered judgment for appellants for tract 38 as containing 315.2 acres in its written judgment of January 25, 1982. Even though they claimed to be the owners of tract 38, containing 265.42 acres, in their pleadings, there is a subsequent motion by appellants for judgment and order of severance alleging that tract 38 contained 315.2 acres upon which no action was taken by the trial court. All that we have been able to locate in the record before us is a pronouncement by the trial court concerning tract 38, i.e., a docket entry dated December 21, 1978 which indicated that tract 38 was awarded as per the Trimble Map and a docket entry dated January 17, 1979, that a judgment as to tract 38 was signed for entry, neither of which is, in our opinion, a rendition of judgment. These entries that judgment had been rendered in that the court did not by these pronouncements and entries settle and declare the decision of the law upon the matters at issue, i.e., the owners of the tract and the size of the tract. Therefore, the written judgment of January 25, 1982 contained the first words spoken by the judge, either orally or in writing, with respect to the owners of the tract 38 and its size. The judgment of January 25, 1982, correctly states the court's decision and the fact that it did not, through inadvertence or mistake correctly reflect the court's true intent, does not justify correction through entry *nunc pro tunc*. *Shelby v. Shelby*, 517 S.W.2d 696, 698 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). If a court actually renders a judgment that for some reason is wrong and should not have been rendered, then that error is a judicial

one and the court is powerless, after the judgment becomes final, to correct it by a *nunc pro tunc* decree. *Shepherd v. Estate of Long*, 480 S.W.2d 51, 54 (Tex.Civ. App.—Fort Worth 1972, writ ref'd n.r.e.).

In any event, where a judge determines that something should be deleted from the judgment that was rendered such errors have been held to be judicial and thus not correctable after the judgment becomes final. *Humphries*, 597 S.W.2d at 3; Reavley & Orr, *The Trial Courts Power to Amend its Judgments*, 25 BAYLOR L.REV. 191, 197 (1973).

The judgment of the trial court is reversed; it is set aside and held for naught.