Rodolfo ESCOBAR, et al., Appellants,

v.

Ramon ESCOBAR, et al., Appellees.

No. 04–83–00544–CV.

Court of Appeals of Texas,
San Antonio.

April 29, 1987.

Margil Sanchez, Jr., Rio Grande City, for appellants.

Frank R. Nye, Jr., Isabel Trevino, Rio Grande City, Pat Maloney, Jr., San Antonio, for appellees.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

PER CURIAM.

This case comes before us on remand from the Supreme Court with instructions to consider the factual sufficiency of the evidence. *See Escobar v. Escobar*, 711

S.W.2d 230 (Tex.1986), *reversing* 699 S.W.2d 256 (Tex.App.—San Antonio 1985). Appellants in this cause are Rodolfo Escobar, Guadalupe Escobar and Nazaria Escobar. Appellees are Ramon Escobar, Amelia Garza, Eustacio Escobar, Maria Ninfa Escobar, Alfredo Escobar, Alba Martinez, Alicia Leal, Nora Luz Garzia and F. Randle Nye.

This litigation began as a tax suit filed by Starr County in 1956 and concerned 205 tracts of land in Porcion 78, Mier Jurisdiction, Starr County, Texas. Over the years that this case was pending in the lower court, the ownership of each tract was litigated individually, and after it was determined, a separate judgment and order of severance was rendered and entered for that tract. The record contains no such separate judgment and order of severance for tract 38, which is claimed by appellants.

On January 25, 1982, a final judgment was entered that lists each of the previously signed judgments and orders of severance by tract number, date of judgment, party to whom the tract was awarded, and acreage. Included in the list was a reference to a judgment as to tract 38, describing it as containing 315.2 acres and as being awarded to appellants. Unlike each of the other listed judgments and orders of severance, the reference to tract 38 in the January 25, 1982 judgment contains no "date of judgment."

Appellees filed a motion to correct the judgment on February 25, 1983. They alleged in their motion that due to a clerical mistake, the January 25, 1982 judgment erroneously lists tract 38 in the list of tracts for which judgments and orders of severance previously had been entered and mistakenly sets out that tract 38 contains 315.2 acres.

Following a hearing on April 5, 1983, the lower court granted appellees' motion for judgment nunc pro tunc and on August 9, 1983 it entered its order deleting tract 38 from the list of prior judgments.

The issue before us on remand in this proceeding is whether the trial court erred in overruling appellants' motion for new trial because there was insufficient evidence to support its finding that a clerical error had been made in the January 25, 1982 judgment.

■ A point of error complaining of the factual sufficiency of the evidence to support a finding of fact is reviewed by this Court under the same standard as is applied to review the factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). That is, we must consider and weigh all of the evidence in the case and set aside the finding and remand the cause for a new trial if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The January 25, 1982 court order itself does not award title to the land represented by the tract numbers that it lists. Rather, the order recites that the court heard evidence as to the title claims of the numerous claimants and entered judgments and orders of severance regarding them and that "said Final Judgments and Orders of Severance are hereby in all things affirmed." Thereafter, the order lists the tract numbers for which judgments had been entered, the names of the parties, the dates of the prior judgments and the acreage of each tract. Included in the list was tract 34, containing 72.954 acres, which was awarded to appellees by an order dated January 16, 1979. With respect to tract 38, the order states that it was awarded to appellants and that it contained 315.2 acres.

Tracts 34 and 38 are adjacent. The land that is claimed by both of the parties is bounded on the north and south by parallel fences. If the northern boundary of tract 38 is taken to be the northernmost fence on the disputed tract, then tract 38 would contain 315.2 acres. However, if the northern boundary of tract 38 is the disputed tract's southern fence, then tract 38 contains 265.-42 acres. Apparently, there is insufficient land to support an award of 72.954 acres to appellees and 315.2 acres to appellants. Any award of land to appellants greater than 265.42 acres must result in a decrease

in appellees' land rather than the land of any other abutting property owner. To the extent then, that the January 25, 1982 judgment purports to award 72.95 acres to appellees and 315.2 acres to appellants, the judgment is in error because it awards approximately 50 acres of land that does not exist.

The ownership to tracts 34 and 38 were tried in the lower court in the month of December, 1978. A December 21, 1978 docket entry reads, "Tracts 34 & 38 awarded as per Trimble Map." According to the Trimble Map, named after a surveyor who surveyed all 205 tracts in the 1960's, tract 34 contains 70 acres and tract 38 consists of 265.42 acres. On January 16, 1979, the lower court signed a final judgment and order of severance with respect to tract 34 in which it awarded 72.954 acres to appellees.[1]

The lower court record contains no signed final judgment and order of severance for tract 38. On April 9, 1979, counsel for appellants filed a motion for judgment and determination of interest as to tract 38 in which he sought an award of 315.2 acres. Appellees filed an objection to the motion which, according to the docket entries, was set for a hearing on November 25, 1980 but not heard until February 3, 1981. The docket entry for that date reads, "Attorneys directed to draw Order of Severance and Final Judgment in favor of Cornelio Escobar as shown on Trimble Map and as per docket entry made on Dec. 21, 1978." Cornelio Escobar was the father of appellants. The trial court refused, therefore, to grant appellants' motion for judgment for 315.2 acres and instructed them to prepare a new one that comported with the Trimble Map containing 265.42 acres. Appellants never did so. Although a January 16, 1979 docket entry states that a judgment as to tract 38 was signed for entry, this docket entry appears to be in error inasmuch as appellants did not even file their motion for judgment until April 9, 1979.

Testimony at the hearing on appellees' motion to correct the January 25, 1982 judgment also supports the findings of the lower court. The attorney who prepared that order testified at that hearing that he had been instructed by the trial judge to make a list of judgments that had been entered and signed for incorporation into the January 25, 1982 judgment. He assigned this task to an employee who testified at the hearing that he mistakenly included tract 38 in the list of tracts for which a judgment had been previously signed and that, in fact, no such judgment had ever been signed for tract 38. The clerk of the district court testified at the hearing that he could find no signed judgment and order of severance as to tract 38 in his records.

There is sufficient evidence in the record that no final judgment and order of severance as to tract 38 was ever entered by the lower court. The judgment of January 25, 1978, which does nothing more than affirm all prior judgments and orders of severance as to the tracts that it lists, erroneously states that such an order had been entered as to tract 38 and that it contained 315.2 acres. The January 25, 1982 final judgment affects tract 38 only insofar as subsection (e) of the second paragraph of that judgment vests title to all tracts for which prior orders had not been entered in the manner indicated on the Trimble Map.

The August 9, 1983 lower court order deleting reference to tract 38 in the list of judgments and orders of severance approved by the lower court in the final judgment of January 25, 1982 is affirmed.

---

**1.** The appellees were awarded three acres more than the Trimble survey of tract 34 for reasons that are not pertinent to our resolution of this appeal.