**In the Interest of R.A.H., A Child.**

No. 03–0774.

Supreme Court of Texas.

Feb. 13, 2004.

Rehearing Denied April 23, 2004.

S. Lynn Peach, Office of the Attorney General, Abilene, for Office of the Attorney General.

Tim B. Copeland, Abilene, for R.A.H.

Claudia Clinton, Law Offices of Claudia Evans Clinton, P.C., Elaine Murmann Ferguson, Abilene, for petitioner Maria Teresa Hernandez.

Claudia Clinton, Law Offices of Claudia Evans Clinton, P.C., Abilene, for petitioner Christopher R. Jojola.

Bobby Lee Lindsey, Britt Lindsey, Abilene, for respondent Robert Luis Avila.

PER CURIAM.

Under the Uniform Parentage Act, a man seeking to establish his paternity of a child by supplanting an acknowledged or

adjudicated father must commence a proceeding within four years of the "effective date of the [prior] acknowledgment or adjudication." TEX. FAM. CODE § 160.609(b). The present proceeding was filed more than four years after the prior paternity hearing was held, but less than four years after the trial judge signed the order of adjudication. Because the record does not show any rendition of paternity at the earlier hearing, we conclude this proceeding was timely filed. Because the court of appeals held otherwise, 117 S.W.3d 60, 63, we reverse the court of appeals' judgment and remand this case to the trial court for proceedings consistent with this opinion.

R.A.H. was born to Maria Teresa Hernandez in 1995. Two years later, Robert Luis Avila filed a voluntary paternity suit. At a hearing on August 27, 1997, Hernandez and Avila apparently agreed to the latter's paternity and arrangements for child support and visitation. Though there is no record from the hearing, the parties aver that no genetic or other physical evidence was offered in support. The trial court signed a formal decree of paternity on September 26, 1997.

On September 26, 2001, Christopher Jojola filed a petition to contest paternity. Along with the petitions, he filed DNA test results indicating a 99.9 percent probability that he is R.A.H.'s biological father.

■ Although the original adjudication of paternity occurred before the Uniform Parentage Act became effective, the paternity contest at issue here was commenced after that date. The Act, as adopted by Texas, "applies to a motion or other request for relief made in a parentage or paternity proceeding that is commenced on or after the effective date of this Act." Act of May 25, 2001, 77th Leg., R.S., ch. 821, § 2.18, 2001 Tex. Gen. Laws 1642. The Act became effective June 14, 2001, more than three months before Jojola filed his petition. *Id.* Accordingly, the Act governs this case.

Under the Act, a man who has never married a child's mother may establish a father-child relationship only by (1) an acknowledgment filed with the bureau of vital statistics, (2) an adjudication in a civil proceeding, or (3) adoption. TEX. FAM. CODE § 160.201(b). Avila established such a relationship by the earlier adjudication. Because Jojola was not a party, he had four years after the "effective date" of that adjudication to file his own adjudication for paternity:

> If a child has an acknowledged father or an adjudicated father, an individual, other than the child, who is not a signatory to the acknowledgment of paternity or a party to the adjudication of paternity and who seeks an adjudication of paternity of the child must commence a proceeding not later than the fourth anniversary of the effective date of the acknowledgment or adjudication.

*Id.* § 160.609(b).

■ The court of appeals found Jojola's filing untimely based on a docket sheet entry from the earlier proceeding that indicates the trial court on August 27, 1997(1) found Avila admitted paternity of R.A.H., (2) established Avila as the possessory conservator of R.A.H., and (3) arranged the visitation schedule for R.A.H.[1] 117 S.W.3d at 63. But no order was signed adjudicating paternity until September 26, 1997. "When there is a question concerning the date judgment was rendered, the date the judgment was signed prevails over a conflicting docket

---

1. The docket sheet notation states "Pet's Paternity Admitted. Order Pet=F" and includes terms of the custody and support order. Presumably, "F" stands for "Father."

sheet entry." *Garza v. Tex. Alcoholic Beverage Comm'n,* 89 S.W.3d 1, 7 (Tex. 2002).

■ We agree with the court of appeals that the "effective date" referenced in the Uniform Parentage Act should be the date the prior adjudication was rendered and that judgment is rendered "when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." *Id.* at 6. But in this case, there is no record or evidence of an oral pronouncement at the August 1997 paternity hearing, and the only written memorandum is the unsigned docket sheet. We hold judgment was rendered and paternity adjudicated on September 26, 1997 when the trial judge signed the paternity decree.

Therefore, without hearing oral argument we grant the petition for review, reverse the court of appeals' judgment, and remand this case to the trial court for proceedings consistent with this opinion. TEX. R. APP. P. 59.1.