NO. 07-09-00190-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
27, 2010

 



 

CADLES OF GRASSY MEADOW, II, LLC AS SUCCESSOR IN INTEREST TO PEOPLES BANK
& TRUST, APPELLANT

 

v.

 

JOHN HERBERT A/K/A JOHN P. HERBERT, JR., INDIVIDUALLY AND CRUCES
CORPORATION REGISTERED AGENT IS JOHN P. HERBERT, JR., AND JANET W. HERBERT,
APPELLEES 



 



 

 FROM THE 84TH DISTRICT COURT OF HUTCHINSON
COUNTY;

 

NO. 28,540; HONORABLE DAVID GLEASON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Cadles of Grassy Meadow, II, L.L.C. (Cadles),
appeals from the trial court’s denial of its petition for writ of scire facias to revive
a judgment from 1996 against John Herbert, Cruces Corporation, and Janet W.
Herbert, (collectively Herbert).  Cadles argues that there was insufficient evidence to
support the trial court’s finding that the dormant 1996 judgment was orally
rendered on April 23, 1996, rather than on the date the trial court signed the
written judgment, May 1, 1996.  Cadles also challenges the trial court’s conclusion of law,
based on its finding that its petition was untimely, that the petition would
not serve to revive the dormant judgment.

            We reverse and render judgment that Cadles’s petition was timely and, therefore, serves to
revive the dormant 1996 judgment against Herbert.

Factual and Procedural History

            In 1990, People’s Bank and Trust sued Herbert.  It appears that the parties eventually
reached a settlement of that dispute in 1996. 
Following a hearing on April 23, 1996, of which we have no reporter’s
record, the trial court made the following docket entry:

4-23-96          Judgment-Agreement
presented.  Judgment awarded to Plaintiff
in the sum of $8,000.00.  Interest 18% from this date. 
 Judgment to be
prepared by Mr. Jarvis.  Counsel
for plaintiff will prepare and submit appropriate judgment for entry.

 

The entry was not signed
by the trial judge but included the following typewritten notation below the
entry:  “s/M. Kent Sims, by assignment.”

            The written judgment was signed on May 1, 1996, and
declared as follows:

On April 23, 1996, came on to be considered the
above-entitled action.

 

Plaintiff, PEOPLES BANK & TRUST, Borger, Texas,
appeared by it[s] representative, ROBERTA MODEN and through attorney of record
BILLY BRITT JARVIS.

 

Defendants, CRUCES CORPORATION appeared by [its]
representative, JOHN P. HERBERT, JR. and through attorney of record CLAY L.
BALLMAN.

 

Defendant[] John P.
Herbert, Jr., appeared in person and through attorney of record Clay L. Ballman.

 

Defendant[], Janet W.
Herbert, [appeared] through attorney of record Clay L. Ballman.

 

The court called the cause; and all the parties
announced that the parties had agreed that the court should enter judgment for
$8,000 which judgment will bear interest at 18% per annum and that all property
held as collateral on the notes that were initially alleged in this cause had
been previously released by the Plaintiff.

 

Therefore, it is the judgment of this court that
plaintiff recover from defendants, Cruces Corporation, John P. Herbert, Jr.,
and Janet W. Herbert, judgment for $8000 principal and interest which shall
bear interest from this date until paid, at the rate of 18 percent per []
annum, together with all costs of suit, for which let execution issue.

 

SIGNED this 1st day of May, 1996.

 

On April 28, 2008, Cadles filed its petition for scire facias
to revive this 1996 judgment.  A writ of scire facias issued
calling Herbert to appear and show cause why the 1996
judgment should not be revived.  Herbert
alleged in response that Cadles’s petition was
untimely and barred by limitations. 
After a hearing, the trial court denied Cadles’s
petition, finding that judgment in the underlying litigation was orally
rendered on April 23, 1996.  As a result,
the trial court concluded Cadles’s petition was
untimely by five days and would not serve to revive the dormant 1996
judgment.  

            The crux of the parties’ dispute on appeal is whether the
trial court rendered judgment in accordance with the settlement agreement on
April 23, 1996, or on May 1, 1996. 
Whether Cadles’s petition was timely and would
serve to revive the dormant judgment will depend on the date the judgment was
rendered in 1996.

 

Standing

            Herbert first lodges a challenge based in terms of
standing to the evidence showing the complete chain of assignment from People’s
Bank & Trust to Cadles.

Standard of Review

            Standing is a necessary component of subject-matter
jurisdiction, without which a court lacks authority to hear a case.  Tex. Ass'n
of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 444–45 (Tex. 1993). Whether a court properly determined it had
subject matter jurisdiction over a case is a question of law we review de novo. 
See Tex. Dep’t. of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  In reviewing a party's standing, we take the
pleadings as true and construe them in the pleader's favor, and we consider
evidence relevant to the jurisdictional inquiry.  Id. at 226–28.

Analysis

            The affidavit of Ted Lance, an account officer for Cadles, states as follows:

Specifically, People’s Bank and Trust failed and FDIC
was name[d] as Receiver of that bank (hereinafter “FDIC-Receiver”).  FDIC-Receiver conveyed the Judgment to
[Value] Recovery Group, L.P. (“VRG”) who subsequently transferred the Judgment
to the Cadle Company who thereafter transferred the
Judgment to Cadles.

 

The affidavit then states
that true and correct copies of the assignments are attached.  However, the copy of the assignment from the
FDIC, as receiver, to Value Recovery Group is not attached.  Herbert relies on this omission to assert
that the record fails to show that Cadles has standing
to sue to revive the judgment.  We
disagree.

            We
first look to Cadles’s allegations and take them as
true.  In its petition, it alleges that
“by virtue of a series of assignments, . . . Cadles became assignee, owner, and beneficiary of all
rights in the judgment.”  Further, we
note that Lance’s affidavit is evidence that the FDIC, as receiver, assigned
the judgment to Value Recovery Group.  In
his affidavit, Lance affirmatively states that the FDIC conveyed the 1996
judgment to Value Recovery Group, L.P. 
He goes on to outline the remaining chain of assignments, which are attached to his affidavit.

            Although the better practice would have been to include
the assignment from the FDIC to Value Recovery Group, we conclude that there
is, despite Herbert’s contentions, legally sufficient evidence to support the
finding that Cadles has standing to sue.  See Eaves v. Unifund
CCR Partners, 301 S.W.3d 402, 405 (Tex.App.—El
Paso 2009, no pet.) (concluding that, although bill of sale did not expressly
reference credit card account and did not include a reference to the account as
an exhibit attached to bill of sale, other evidence, specifically affidavits
attached to pleadings and trial testimony, existed in the record to support the
conclusion that the account at issue was sold to Unifund
Portfolio and subsequently assigned to Unifund
Partners); see also Jaramillo v. 
Portfolio Acquisitions, L.L.C., No. 14-08-00939-CV, 2010 Tex.App.
LEXIS 2219, at *9–*10 (Tex.App.—Houston
[14th Dist.] March 30, 2010, no pet. h.) (relying
on Eaves to arrive at similar
holding).  Our review of the pleadings
and evidence relevant to the issue of standing leads us to conclude that Cadles “affirmatively demonstrated the court's jurisdiction
to hear the cause.”  Tex. Ass'n of Bus., 852 S.W.2d at 446.

 

 

Timeliness of Petition; Date of
Rendition

            Cadles specifically challenges
the trial court’s finding that “[o]n April, 23, 1996, M. Kent Sims, Presiding
Judge sitting by assignment, rendered Judgment by agreement in favor of
Plaintiff . . . against John Herbert . . . Cruces Corporation, and Janet W.
Herbert.”  Cadles
also challenges the trial court’s conclusion, based on the preceding finding,
that the petition to revive the 1996 judgment was not timely.

 Standard of Review

            In determining whether to issue a writ of scire facias to
revive a dormant judgment, the trial court considers the date of the judgment,
evidence of any writs of execution issued on the judgment, and the date of the
motion to revive the judgment scire facias.  See
Tex. Civ. Prac.
& Rem. Code Ann. § 31.006 (Vernon 2008), § 34.001(a) (Vernon Supp.
2009).  Generally, a scire facias proceeding is a
non-evidentiary hearing for which there is no need for findings of fact and
conclusions of law.  Cadle Co. v. Rollins,
No. 01-09-00165-CV, 2010 Tex.App. LEXIS 1421, at *4–*5 (Tex.App.—Houston
[1st Dist.] Feb. 25, 2010, no pet.) (mem. op).  However, when, as here, the date of rendition
of judgment is disputed, the trial court may consider evidence relevant to the
date of rendition.  See generally Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000) (though jurisdictional ruling presents a question of law, the trial
court may, and sometimes must, consider relevant evidence to resolve question).


            Findings of fact in a case tried to the court have the
same force and dignity as a jury's verdict upon questions.  Anderson v. City of
Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  We, therefore, evaluate the sufficiency of
the evidence to support those findings by the same standards for evaluating the
legal and factual sufficiency of the evidence to support a jury verdict.  See Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994).  Under the legal sufficiency standard, we must
credit evidence that supports the judgment if a reasonable fact finder could,
and we must disregard contrary evidence unless a reasonable fact finder could
not.  See City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  Unless there is no favorable evidence to
support the challenged finding or the contrary evidence renders supporting
evidence incompetent or conclusively establishes the opposite of the finding,
we must affirm.  See id. at 810–11.  In
reviewing the factual sufficiency of the evidence, we consider all the evidence
and will set aside the finding only if the evidence supporting the finding is
so weak or so against the overwhelming weight of the evidence that the finding
is clearly wrong and unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

            A trial court's conclusions of law are always
reviewable.  Farmers
Ins. Exch. v. Neal, 120 S.W.3d 493, 494 (Tex.App.—Texarkana
2003, no pet.); Westech Eng'g,
Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ).  Since a trial court has no discretion in determining
what the law is or applying the law to the facts, we review a trial court's
conclusions of law de novo.  See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994).  Conclusions of law "will be upheld on
appeal if the judgment can be sustained on any legal theory supported by the
evidence" and, unless erroneous as a matter of law, will not be
reversed.  Westech Eng'g, Inc., 835 S.W.2d at 196.  In conducting a de novo review, we may
reexamine legal conclusions drawn from specific findings of fact contained in
the record.  Id. at 196 n.1.  We
exercise our own judgment on each issue and afford no deference to the original
tribunal's decision.  See Quick
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1999).

Dormancy and Revival; Scire Facias

            If a writ of execution is not issued within ten years
after the rendition of a judgment, the judgment becomes dormant and cannot be
executed upon unless revived.  Tex. Civ. Prac.
& Rem. Code Ann. § 34.001(a). 
A judgment can be revived by a petition for writ of scire facias or an action of debt if
either is brought no later than two years after the judgment becomes
dormant.  Id. §
31.006.

Rendition of Judgment
Generally

            A judgment is rendered when the
decision is officially announced orally in open court, by memorandum filed with
the clerk, or otherwise announced publicly. 
Garza v. Tex. Alcoholic Bev. Comm'n, 89
S.W.3d 1, 6 (Tex. 2002); Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56,
58 (Tex. 1970); Henry v. Cullum Cos., 891
S.W.2d 789, 792 (Tex.App.—Amarillo 1995, writ
denied).  In order to be an
official judgment, the trial court's oral pronouncement must indicate intent to
render a full, final, and complete judgment at that point in time.  S & A Rest. Corp. v. Leal, 892
S.W.2d 855, 858 (Tex. 1995); In re Marriage of Joyner, 196 S.W.3d 883,
886–87 (Tex.App.—Texarkana 2006, pet. denied).  The trial court’s
“approval of a settlement does not necessarily constitute rendition of
judgment.”  S & A Rest. Corp.,
892 S.W.2d at 857.  The trial court's words, whether spoken
or written, must evince a present, as opposed to future, act that effectively
decides the issues before the court.  Woods v. Woods, 167 S.W.3d 932, 933 (Tex.App.—Amarillo
2005, no pet.). Compare James v. Hubbard, 21 S.W.3d 558,
561 (Tex.App.—San Antonio 2000, no pet.)  (judge's statement
he was “going to grant the divorce” once the final decree was on his desk did
not suffice as rendition), with Baize v. Baize, 93 S.W.3d 197,
200 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (judge's statement “I’ll
grant your divorce today” was rendition of judgment).

Significance of Docket
Entry

            Cadles challenges the viability
of the docket entry as evidence that would support the finding that the date of
rendition was April 23, 1996.  We again
point out that we have no reporter’s record of the trial court’s
pronouncements, if any, at the conclusion of the April 23, 1996 hearing.  Without such record, we are left to determine
whether the trial court orally rendered judgment on April 23 from a rather
skeletal record.[1]  Herbert points to, of course, the docket
entry following the hearing and also relies on the recitals made in the written
judgment signed on May 1 as evidence that the trial court orally rendered
judgment in open court on April 23.   

            It is a long-standing rule in Texas that a docket entry
may supply facts in certain situations, but it cannot be used to contradict or
prevail over a final judicial order.  N-S-W
Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding) (citing Hamilton
v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1937), Ex
parte Rains, 113 Tex. 428, 433, 257 S.W. 217, 220 (1923), and Stark v.
Miller, 63 Tex. 164 (1885)).

            Generally, when there is a question concerning the date
judgment was rendered, the date the judgment was signed prevails over a
conflicting docket sheet entry.  See
id.  The Texas Supreme Court
reaffirmed this principle when faced with a question as to when the trial court
rendered judgment:

In this case, the judgment was signed January 28,
1998.  Because the signed judgment takes
precedence over the docket sheet entry, we do not consider the docket sheet to
be a timely rendition.  Moreover, there
is no indication that the court issued a memorandum of decision on January 20,
1998 or otherwise publicly announced rendition on that date.  We conclude that neither the recital in the
court's written judgment regarding an earlier rendition nor the January 20,
1998 docket sheet entry is sufficient to effectuate rendition of judgment on a
date earlier than January 28, 1998, the date the court actually signed the
judgment.

 

Garza, 89 S.W.3d at 6–7; see In
re R.A.H., 130 S.W.3d 68, 69–70 (Tex. 2004) (quoting Garza for the
principle that “[w]hen there is a question concerning the date judgment was
rendered, the date the judgment was signed prevails over a conflicting docket
sheet entry").

            Herbert directs us to our opinion in Henry to
support his position.  891
S.W.2d at 791–93.  In Henry,
like here, we had no reporter’s record of the hearing in question and were left
only with a docket entry and recitations in a later-signed judgment when called
on to determine whether the trial court orally rendered partial summary
judgment on Henry’s DTPA claims before she amended her petition to exclude
those claims and before the trial court severed those claims from the remaining
claims.  Id. at
792–93.  Recognizing that a docket
entry that summary judgment was granted generally was insufficient to serve as
rendition, we nevertheless concluded that the docket notation and the
recitations in the judgment were sufficient there to support the finding that
the trial court orally rendered judgment despite the absence of the record of
the hearing.  Id.

            At this point, Henry would appear to be squarely
on point with the instant case and would support Herbert’s position that the
trial court rendered judgment on April 23, 1996, here.  However, there is an important distinction to
be made.  In Henry, we were not
called on to rely on the docket notation to contradict a written judgment suggesting
another date.  That is, we had to
determine whether the trial court orally rendered judgment as to the DTPA
claims to determine whether the trial court’s severance had any effect and
whether Henry had abandoned her DTPA claims; no one urged that the date on the
written judgment was the date judgment was rendered as to the DTPA claims.  See id.  The appellees in Henry
suggested that there was nothing to review because Henry had abandoned her DTPA
claims.  Id. at
792.  Based on the record before
us, we concluded that Henry did not abandon her DTPA claims,
that partial summary judgment had been orally rendered as to those
claims prior to her amendment omitting those claims.  See id. at
793.  Ultimately, we were not invited, as
we are here, to read the docket entry to contradict the written judgment.

            Here, we are faced with two competing and quite
significant dates, one noted in the docket entry and the other noted in the
written judgment.  We think this is a
significant point, one on which we can reconcile our holding in Henry
with our holding in the instant case, based on that well-established principle
in Texas that courts cannot use a docket entry to contradict a written
judgment.  N-S-W Corp., 561 S.W.2d at 799. 

Significance of Recitals in Written Judgment

            Cadles also contends that any
reliance on recitals in the written judgment that suggest that the parties
announced on April 23 that they had reached a settlement is misplaced.  Herbert contends that those recitations are further
evidence to support the finding oral rendition occurred on April 23.  We reject Herbert’s contention.

            The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment
itself.  Nelson v.
Britt, 241 S.W.3d 672, 676 (Tex.App.—Dallas 2007,
no pet.) (citing Alcantar
v. Okla. Nat'l Bank, 47 S.W.3d 815, 823 (Tex.App.—Fort
Worth 2001, no pet.)).  When there
appears to be a discrepancy between the judgment's recital and decretal paragraphs, a trial court's recitals, which
precede the decretal portions of the judgment, do not
determine the rights and interests of the parties.  Id. 
Rather, the decretal provisions in the
judgment control.  Id.

            Moreover, the recitals here memorialize nothing more than
on April 23 the parties appeared and announced in open court certain terms of a
judgment they agreed the court should enter. 
There is no expression of a responsive judicial act at that time.  Such language does not evince oral rendition
of judgment on April 23.  See Comet Aluminum, 450 S.W.2d at 58
(quoting Coleman v. Zapp, 105 Tex. 491, 494,
151 S.W. 1040, 1041 (1912)) (“a judgment’s ‘rendition is the judicial act by
which the trial court settles and declares the decision of the law upon the
matters at issue’”).  

 

 

Rendition Occurred on
May 1, 1996

            The evidence before us is insufficient to support the
finding that the trial court orally rendered judgment on April 23, 1996.  Instead, the date of the written judgment, May
1, 1996, controls.  The 1996 judgment,
then, went dormant on May 1, 2006, and an action filed to revive that judgment
must have been filed by May 1, 2008.  See
Tex. Civ. Prac.
& Rem. Code Ann. §§ 31.006, 34.001(a).  With that, Cadles’s
petition, filed on April 28, 2008 was filed within the time permitted to revive
the dormant judgment.  The trial court’s
conclusion that Cadles’s petition was untimely,
therefore, is erroneous.  Based upon the
record before us, we reverse the trial court’s judgment and render the judgment
that the trial court should have:  Cadle’s timely petition for scire facias revived the May 1, 1996,
judgment.  See Trad
v. Colonial Coins, Inc., No. 14-02-00172-CV, 2003 Tex.App.
LEXIS 300, at *5 (Tex.App.—Houston
[14th Dist.] Jan. 16, 2003, no pet.) (mem. op.).

Conclusion

            We reverse the trial court’s judgment denying Cadles’s petition for scire facias to revive the
judgment.  We render judgment granting Cadles’s petition for scire facias, reviving the May 1, 1996
judgment against Herbert.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

            








 











[1] In fact, our sister court
has concluded that, without a reporter’s record showing what, if anything, the
trial court pronounced in open court, there exists no evidence upon which a
reviewing court can make a finding that judgment was rendered in open court.  See Bailey-Mason v. Mason,122 S.W.3d 894, 898 (Tex.App.—Dallas
2003, pet. denied).  Here, since Herbert
specifically urges the docket entry and the recitations in the written judgment
as evidence that judgment was orally rendered in open court on April 23, 1996,
we address those arguments in an effort to explain why we do not reach the same
conclusion as does Herbert based on such evidence.