NO. 07-09-00190-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 27, 2010

---

CADLES OF GRASSY MEADOW, II, LLC AS SUCCESSOR
IN INTEREST TO PEOPLES BANK & TRUST, APPELLANT

v.

JOHN HERBERT A/K/A JOHN P. HERBERT, JR.,
INDIVIDUALLY AND CRUCES CORPORATION
REGISTERED AGENT IS JOHN P. HERBERT, JR., AND
JANET W. HERBERT, APPELLEES

---

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 28,540; HONORABLE DAVID GLEASON, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Cadles of Grassy Meadow, II, L.L.C. (Cadles), appeals from the trial court's

denial of its petition for writ of *scire facias* to revive a judgment from 1996 against John

Herbert, Cruces Corporation, and Janet W. Herbert, (collectively Herbert). Cadles

argues that there was insufficient evidence to support the trial court's finding that the

dormant 1996 judgment was orally rendered on April 23, 1996, rather than on the date

the trial court signed the written judgment, May 1, 1996. Cadles also challenges the

trial court's conclusion of law, based on its finding that its petition was untimely, that the petition would not serve to revive the dormant judgment.

We reverse and render judgment that Cadles's petition was timely and, therefore, serves to revive the dormant 1996 judgment against Herbert.

Factual and Procedural History

In 1990, People's Bank and Trust sued Herbert. It appears that the parties eventually reached a settlement of that dispute in 1996. Following a hearing on April 23, 1996, of which we have no reporter's record, the trial court made the following docket entry:

> 4-23-96    Judgment-Agreement presented. Judgment awarded to Plaintiff in the sum of $8,000.00. Interest 18% from this date. Judgment to be prepared by Mr. Jarvis. Counsel for plaintiff will prepare and submit appropriate judgment for entry.

The entry was not signed by the trial judge but included the following typewritten notation below the entry: "s/M. Kent Sims, by assignment."

The written judgment was signed on May 1, 1996, and declared as follows:

On April 23, 1996, came on to be considered the above-entitled action.

Plaintiff, PEOPLES BANK & TRUST, Borger, Texas, appeared by it[s] representative, ROBERTA MODEN and through attorney of record BILLY BRITT JARVIS.

Defendants, CRUCES CORPORATION appeared by [its] representative, JOHN P. HERBERT, JR. and through attorney of record CLAY L. BALLMAN.

Defendant[] JOHN P. HERBERT, JR., appeared in person and through attorney of record CLAY L. BALLMAN.

2

Defendant[], JANET W. HERBERT, [appeared] through attorney of record CLAY L. BALLMAN.

The court called the cause; and all the parties announced that the parties had agreed that the court should enter judgment for $8,000 which judgment will bear interest at 18% per annum and that all property held as collateral on the notes that were initially alleged in this cause had been previously released by the Plaintiff.

Therefore, it is the judgment of this court that plaintiff recover from defendants, Cruces Corporation, John P. Herbert, Jr., and Janet W. Herbert, judgment for $8000 principal and interest which shall bear interest from this date until paid, at the rate of 18 percent per [] annum, together with all costs of suit, for which let execution issue.

SIGNED this 1st day of May, 1996.

On April 28, 2008, Cadles filed its petition for *scire facia*s to revive this 1996 judgment. A writ of *scire facias* issued calling Herbert to appear and show cause why the 1996 judgment should not be revived. Herbert alleged in response that Cadles's petition was untimely and barred by limitations. After a hearing, the trial court denied Cadles's petition, finding that judgment in the underlying litigation was orally rendered on April 23, 1996. As a result, the trial court concluded Cadles's petition was untimely by five days and would not serve to revive the dormant 1996 judgment.

The crux of the parties' dispute on appeal is whether the trial court rendered judgment in accordance with the settlement agreement on April 23, 1996, or on May 1, 1996. Whether Cadles's petition was timely and would serve to revive the dormant judgment will depend on the date the judgment was rendered in 1996.

Standing

Herbert first lodges a challenge based in terms of standing to the evidence showing the complete chain of assignment from People's Bank & Trust to Cadles.

Standard of Review

Standing is a necessary component of subject-matter jurisdiction, without which a court lacks authority to hear a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444–45 (Tex. 1993). Whether a court properly determined it had subject matter jurisdiction over a case is a question of law we review *de novo*. See Tex. Dep't. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). In reviewing a party's standing, we take the pleadings as true and construe them in the pleader's favor, and we consider evidence relevant to the jurisdictional inquiry. Id. at 226–28.

Analysis

The affidavit of Ted Lance, an account officer for Cadles, states as follows:

Specifically, People's Bank and Trust failed and FDIC was name[d] as Receiver of that bank (hereinafter "FDIC-Receiver"). FDIC-Receiver conveyed the Judgment to [Value] Recovery Group, L.P. ("VRG") who subsequently transferred the Judgment to the Cadle Company who thereafter transferred the Judgment to Cadles.

The affidavit then states that true and correct copies of the assignments are attached. However, the copy of the assignment from the FDIC, as receiver, to Value Recovery Group is not attached. Herbert relies on this omission to assert that the record fails to show that Cadles has standing to sue to revive the judgment. We disagree.

4

We first look to Cadles's allegations and take them as true. In its petition, it alleges that "by virtue of a series of assignments, . . . Cadles became assignee, owner, and beneficiary of all rights in the judgment." Further, we note that Lance's affidavit is evidence that the FDIC, as receiver, assigned the judgment to Value Recovery Group. In his affidavit, Lance affirmatively states that the FDIC conveyed the 1996 judgment to Value Recovery Group, L.P. He goes on to outline the remaining chain of assignments, which *are* attached to his affidavit.

Although the better practice would have been to include the assignment from the FDIC to Value Recovery Group, we conclude that there is, despite Herbert's contentions, legally sufficient evidence to support the finding that Cadles has standing to sue. See Eaves v. Unifund CCR Partners, 301 S.W.3d 402, 405 (Tex.App.—El Paso 2009, no pet.) (concluding that, although bill of sale did not expressly reference credit card account and did not include a reference to the account as an exhibit attached to bill of sale, other evidence, specifically affidavits attached to pleadings and trial testimony, existed in the record to support the conclusion that the account at issue was sold to Unifund Portfolio and subsequently assigned to Unifund Partners); see also Jaramillo v. Portfolio Acquisitions, L.L.C., No. 14-08-00939-CV, 2010 Tex.App. LEXIS 2219, at *9–*10 (Tex.App.—Houston [14th Dist.] March 30, 2010, no pet. h.) (relying on *Eaves* to arrive at similar holding). Our review of the pleadings and evidence relevant to the issue of standing leads us to conclude that Cadles "affirmatively demonstrated the court's jurisdiction to hear the cause." Tex. Ass'n of Bus., 852 S.W.2d at 446.

Timeliness of Petition; Date of Rendition

Cadles specifically challenges the trial court's finding that "[o]n April, 23, 1996, M. Kent Sims, Presiding Judge sitting by assignment, rendered Judgment by agreement in favor of Plaintiff . . . against John Herbert . . . Cruces Corporation, and Janet W. Herbert." Cadles also challenges the trial court's conclusion, based on the preceding finding, that the petition to revive the 1996 judgment was not timely.

Standard of Review

In determining whether to issue a writ of *scire facias* to revive a dormant judgment, the trial court considers the date of the judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive the judgment *scire facias*. See TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (Vernon 2008), § 34.001(a) (Vernon Supp. 2009). Generally, a *scire facias* proceeding is a non-evidentiary hearing for which there is no need for findings of fact and conclusions of law. Cadle Co. v. Rollins, No. 01-09-00165-CV, 2010 Tex.App. LEXIS 1421, at *4–*5 (Tex.App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op). However, when, as here, the date of rendition of judgment is disputed, the trial court may consider evidence relevant to the date of rendition. See generally Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000) (though jurisdictional ruling presents a question of law, the trial court may, and sometimes must, consider relevant evidence to resolve question).

Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794

6

(Tex. 1991). We, therefore, evaluate the sufficiency of the evidence to support those findings by the same standards for evaluating the legal and factual sufficiency of the evidence to support a jury verdict. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). Under the legal sufficiency standard, we must credit evidence that supports the judgment if a reasonable fact finder could, and we must disregard contrary evidence unless a reasonable fact finder could not. See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). Unless there is no favorable evidence to support the challenged finding or the contrary evidence renders supporting evidence incompetent or conclusively establishes the opposite of the finding, we must affirm. See id. at 810–11. In reviewing the factual sufficiency of the evidence, we consider all the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

A trial court's conclusions of law are always reviewable. Farmers Ins. Exch. v. Neal, 120 S.W.3d 493, 494 (Tex.App.—Texarkana 2003, no pet.); Westech Eng'g, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ). Since a trial court has no discretion in determining what the law is or applying the law to the facts, we review a trial court's conclusions of law de novo. See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994). Conclusions of law "will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence" and, unless erroneous as a matter of law, will not be reversed. Westech Eng'g, Inc., 835 S.W.2d at 196. In conducting a de novo review, we may reexamine legal conclusions drawn from specific findings of fact contained in the record. Id. at 196 n.1. We exercise our own

7

judgment on each issue and afford no deference to the original tribunal's decision. <u>See</u> <u>Quick v. City of Austin</u>, 7 S.W.3d 109, 116 (Tex. 1999).

<u>Dormancy and Revival;</u> *Scire Facias*

If a writ of execution is not issued within ten years after the rendition of a judgment, the judgment becomes dormant and cannot be executed upon unless revived. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). A judgment can be revived by a petition for writ of *scire facias* or an action of debt if either is brought no later than two years after the judgment becomes dormant. <u>Id.</u> § 31.006.

<u>Rendition of Judgment Generally</u>

A judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly. <u>Garza v. Tex. Alcoholic Bev. Comm'n</u>, 89 S.W.3d 1, 6 (Tex. 2002); <u>Comet Aluminum Co. v. Dibrell</u>, 450 S.W.2d 56, 58 (Tex. 1970); <u>Henry v. Cullum Cos.</u>, 891 S.W.2d 789, 792 (Tex.App.—Amarillo 1995, writ denied). In order to be an official judgment, the trial court's oral pronouncement must indicate intent to render a full, final, and complete judgment at that point in time. <u>S & A Rest. Corp. v. Leal</u>, 892 S.W.2d 855, 858 (Tex. 1995); <u>In re Marriage of Joyner</u>, 196 S.W.3d 883, 886–87 (Tex.App.—Texarkana 2006, pet. denied). The trial court's "approval of a settlement does not necessarily constitute rendition of judgment." <u>S & A Rest. Corp.</u>, 892 S.W.2d at 857. The trial court's words, whether spoken or written, must evince a present, as opposed to future, act that effectively decides the issues before the court. <u>Woods v. Woods</u>, 167 S.W.3d 932, 933 (Tex.App.—Amarillo 2005, no pet.). <u>Compare</u> <u>James v. Hubbard</u>, 21 S.W.3d 558, 561

8

(Tex.App.—San Antonio 2000, no pet.) (judge's statement he was "going to grant the divorce" once the final decree was on his desk did not suffice as rendition), with Baize v. Baize, 93 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (judge's statement "I'll grant your divorce today" was rendition of judgment).

Significance of Docket Entry

Cadles challenges the viability of the docket entry as evidence that would support the finding that the date of rendition was April 23, 1996. We again point out that we have no reporter's record of the trial court's pronouncements, if any, at the conclusion of the April 23, 1996 hearing. Without such record, we are left to determine whether the trial court orally rendered judgment on April 23 from a rather skeletal record.[1] Herbert points to, of course, the docket entry following the hearing and also relies on the recitals made in the written judgment signed on May 1 as evidence that the trial court orally rendered judgment in open court on April 23.

It is a long-standing rule in Texas that a docket entry may supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial order. N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding) (citing Hamilton v.

---

[1] In fact, our sister court has concluded that, without a reporter's record showing what, if anything, the trial court pronounced in open court, there exists no evidence upon which a reviewing court can make a finding that judgment was rendered in open court. See Bailey-Mason v. Mason,122 S.W.3d 894, 898 (Tex.App.—Dallas 2003, pet. denied). Here, since Herbert specifically urges the docket entry and the recitations in the written judgment as evidence that judgment was orally rendered in open court on April 23, 1996, we address those arguments in an effort to explain why we do not reach the same conclusion as does Herbert based on such evidence.

9

Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1937), Ex parte Rains, 113 Tex. 428, 433, 257 S.W. 217, 220 (1923), and Stark v. Miller, 63 Tex. 164 (1885)).

Generally, when there is a question concerning the date judgment was rendered, the date the judgment was signed prevails over a conflicting docket sheet entry. See id. The Texas Supreme Court reaffirmed this principle when faced with a question as to when the trial court rendered judgment:

> In this case, the judgment was signed January 28, 1998. Because the signed judgment takes precedence over the docket sheet entry, we do not consider the docket sheet to be a timely rendition. Moreover, there is no indication that the court issued a memorandum of decision on January 20, 1998 or otherwise publicly announced rendition on that date. We conclude that neither the recital in the court's written judgment regarding an earlier rendition nor the January 20, 1998 docket sheet entry is sufficient to effectuate rendition of judgment on a date earlier than January 28, 1998, the date the court actually signed the judgment.

Garza, 89 S.W.3d at 6–7; see In re R.A.H., 130 S.W.3d 68, 69–70 (Tex. 2004) (quoting Garza for the principle that "[w]hen there is a question concerning the date judgment was rendered, the date the judgment was signed prevails over a conflicting docket sheet entry").

Herbert directs us to our opinion in Henry to support his position. 891 S.W.2d at 791–93. In Henry, like here, we had no reporter's record of the hearing in question and were left only with a docket entry and recitations in a later-signed judgment when called on to determine whether the trial court orally rendered partial summary judgment on Henry's DTPA claims before she amended her petition to exclude those claims and before the trial court severed those claims from the remaining claims. Id. at 792–93. Recognizing that a docket entry that summary judgment was granted generally was

10

insufficient to serve as rendition, we nevertheless concluded that the docket notation and the recitations in the judgment were sufficient there to support the finding that the trial court orally rendered judgment despite the absence of the record of the hearing. Id.

At this point, Henry would appear to be squarely on point with the instant case and would support Herbert's position that the trial court rendered judgment on April 23, 1996, here. However, there is an important distinction to be made. In Henry, we were not called on to rely on the docket notation to contradict a written judgment suggesting another date. That is, we had to determine whether the trial court orally rendered judgment as to the DTPA claims to determine whether the trial court's severance had any effect and whether Henry had abandoned her DTPA claims; no one urged that the date on the written judgment was the date judgment was rendered as to the DTPA claims. See id. The appellees in Henry suggested that there was nothing to review because Henry had abandoned her DTPA claims. Id. at 792. Based on the record before us, we concluded that Henry did not abandon her DTPA claims, that partial summary judgment had been orally rendered as to those claims prior to her amendment omitting those claims. See id. at 793. Ultimately, we were not invited, as we are here, to read the docket entry to contradict the written judgment.

Here, we are faced with two competing and quite significant dates, one noted in the docket entry and the other noted in the written judgment. We think this is a significant point, one on which we can reconcile our holding in Henry with our holding in the instant case, based on that well-established principle in Texas that courts cannot use a docket entry to contradict a written judgment. N-S-W Corp., 561 S.W.2d at 799.

11

Significance of Recitals in Written Judgment

Cadles also contends that any reliance on recitals in the written judgment that suggest that the parties announced on April 23 that they had reached a settlement is misplaced. Herbert contends that those recitations are further evidence to support the finding oral rendition occurred on April 23. We reject Herbert's contention.

The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself. Nelson v. Britt, 241 S.W.3d 672, 676 (Tex.App.—Dallas 2007, no pet.) (citing Alcantar v. Okla. Nat'l Bank, 47 S.W.3d 815, 823 (Tex.App.—Fort Worth 2001, no pet.)). When there appears to be a discrepancy between the judgment's recital and decretal paragraphs, a trial court's recitals, which precede the decretal portions of the judgment, do not determine the rights and interests of the parties. Id. Rather, the decretal provisions in the judgment control. Id.

Moreover, the recitals here memorialize nothing more than on April 23 the parties appeared and announced in open court certain terms of a judgment they agreed the court should enter. There is no expression of a responsive judicial act at that time. Such language does not evince oral rendition of judgment on April 23. See Comet Aluminum, 450 S.W.2d at 58 (quoting Coleman v. Zapp, 105 Tex. 491, 494, 151 S.W. 1040, 1041 (1912)) ("a judgment's 'rendition is the judicial act by which the trial court settles and declares the decision of the law upon the matters at issue'").

12

Rendition Occurred on May 1, 1996

The evidence before us is insufficient to support the finding that the trial court orally rendered judgment on April 23, 1996. Instead, the date of the written judgment, May 1, 1996, controls. The 1996 judgment, then, went dormant on May 1, 2006, and an action filed to revive that judgment must have been filed by May 1, 2008. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 31.006, 34.001(a). With that, Cadles's petition, filed on April 28, 2008 was filed within the time permitted to revive the dormant judgment. The trial court's conclusion that Cadles's petition was untimely, therefore, is erroneous. Based upon the record before us, we reverse the trial court's judgment and render the judgment that the trial court should have: Cadle's timely petition for *scire facias* revived the May 1, 1996, judgment. See Trad v. Colonial Coins, Inc., No. 14-02-00172-CV, 2003 Tex.App. LEXIS 300, at *5 (Tex.App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.).

## Conclusion

We reverse the trial court's judgment denying Cadles's petition for *scire facias* to revive the judgment. We render judgment granting Cadles's petition for *scire facias*, reviving the May 1, 1996 judgment against Herbert.

Mackey K. Hancock
Justice

13