NO. 07-09-00042-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JUNE
4, 2010

 



 

SANTIAGO MASON GOMEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17779-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Santiago Mason Gomez, was
convicted of theft of property of the value of $500 or more but less than
$1,500, enhanced by two prior theft convictions.[1]  Appellant was sentenced to serve two years in
a State Jail facility and was assessed a fine of $7,500.  Appellant appeals challenging the sufficiency
of the evidence and contending that the trial court erred in admitting certain
exhibits.  We affirm.

 

 

Factual Background

            On
September 8, 2008, Faustinon Falcon, Jr., observed a
pickup truck parked beside the curb near his residence.  As Falcon observed the pickup, two men got
out.  One, a Hispanic male headed toward
the rear of the house belonging to Keith Herrington, the victim of the
theft.  The other man, the driver of the
pickup, got out and raised the hood of the pickup and appeared to be pouring
gas into the carburetor.  A short time
later, the Hispanic male returned carrying a power washer, electric chain saw,
and some other tools.  Falcon did not
recognize either of the men but did take down the license plate number of the
truck.  Later, Falcon advised a friend of
what he had seen and, after Herrington reported the theft, the Plainview Police
Department sent a detective to visit with Falcon about his observations.  

            The
same day as the theft, Billy Walker, the owner of Walker Drilling in Plainview,
purchased a pressure washer and chain saw from a Hispanic male.  The Plainview Police eventually recovered the
items Walker purchased, and they were identified by Herrington as being part of
what was stolen from his house. 

            Based
on the description of the vehicle, driver, and passenger, the Plainview Police
put together a photo lineup that was shown to Falcon.  After viewing the photo lineup, Falcon picked
out appellant as the Hispanic male he observed coming back from the rear of
Herrington’s home with the power washer and electric chain saw.  Additionally, Falcon identified Leo Ivory as
the driver of the pickup truck.  The
police then obtained a statement from Ivory. 
In the statement, Ivory said that he was giving appellant a ride when he
ran out of gas.  While pulled to the curb
and putting gas in the truck and the carburetor, appellant walked to the back
of a house and returned with the power washer and other items.  After getting the pickup running again, Ivory
proceeded to his original destination, Daffrins Steel
in Plainview, which was across the street from Walker Drilling.  Ivory saw appellant get the items from the
truck and go across the street with them.

            After
hearing this evidence, the jury convicted appellant and sentenced him to two
years in a State Jail facility. 
Appellant contends that the evidence is insufficient, both legally and
factually, and that the trial court committed reversible error by admitting
five specific photographs.  We disagree
with appellant and affirm the judgment of the trial court.

Sufficiency of the Evidence

            Appellant
challenges both the legal and factual sufficiency of the evidence.  Therefore, we are required to conduct an
analysis of the legal sufficiency of the evidence first and then, only if we
find the evidence to be legally sufficient, do we analyze the factual
sufficiency of the evidence.  See Clewis v. State, 922 S.W.2d
126, 133 (Tex.Crim.App. 1996).

Standard of Review

Legal Sufficiency

In assessing the legal sufficiency of
the evidence, we review all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). 
In conducting a legal sufficiency review, an appellate court may not sit
as a thirteenth juror, but rather must uphold the jury’s verdict unless it is
irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755
S.W.2d 866, 867 (Tex.Crim.App. 1988).  We measure the legal sufficiency of the
evidence against a hypothetically correct jury charge.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex.Crim.App.
1997).

Factual Sufficiency

When an appellant challenges the
factual sufficiency of the evidence supporting his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light,
the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt.  See Watson v.
State, 204 S.W.3d 404, 415 (Tex.Crim.App.
2006).  In performing a factual
sufficiency review, we must give deference to the fact finder’s determinations
if supported by evidence and may not order a new trial simply because we may
disagree with the verdict.  See id.
at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jury’s
verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  The Texas Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency,
the reviewing court should measure the evidence in a neutral manner against a
“hypothetically correct jury charge.”  Vega
v. State, 267 S.W.3d 912, 915 (Tex.Crim.App.
2008) (citing Wooley v. State, 273
S.W.3d 260, 268 (Tex.Crim.App. 2008)).

Analysis

            Appellant
essentially contends that, because Herrington did not see appellant take the
items from his house or the back porch of the house, the evidence is
insufficient.  This contention basically
ignores the legal efficacy of circumstantial evidence.  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor, and the standard of
review is the same for both direct and circumstantial evidence cases.  King v. State, 254
S.W.3d 579, 582 (Tex.App.—Amarillo 2008, no pet.).  

            Additionally,
when conducting a legal sufficiency review, as we must initially do, we are
required to consider all of the evidence admitted by the trial court, even improperly
admitted evidence.  Hernandez
v. State, 190 S.W.3d 856, 863 (Tex.Crim.App.
2006).  Thus, we have the
testimony of Falcon seeing the Hispanic male bringing items from the back of
Herrington’s house and placing them in Ivory’s pickup truck.  Falcon later identified appellant as the
Hispanic male.  Herrington reported the
items stolen and these items match up to the items that a Hispanic male sold to
Walker on the same day as the theft. 
Finally, Ivory confirmed Falcon’s testimony and specifically identified
appellant as the perpetrator.  Ivory
further testified that appellant placed the items in the back of the pickup
truck and rode with Ivory over to Daffrins Steel,
which was located across the street from the business from which the stolen
items were recovered.  Based on the
totality of this evidence, the jury was entitled to find appellant guilty
beyond a reasonable doubt.  Appellant’s
issue regarding the legal sufficiency of the evidence is overruled.

            In
addressing the factual sufficiency of the evidence, appellant’s main contention
is that the evidence does not adequately connect appellant to the theft and the
stolen property.  See Sims,
99 S.W.3d at 603. 
Again, appellant would ask this court to discount the evidence because
it is not direct evidence.  As stated
above, circumstantial evidence is as probative as direct evidence.  King, 254 S.W.3d at
582.  Further, as a reviewing
court, we must give deference to the jury’s determinations if supported by the
evidence.  Watson, 204 S.W.3d at 417.  Watson
does not limit the deference given to the jury’s determination of facts to only
those cases that are supported by direct evidence.  This being so, the evidence discussed above
is factually sufficient to support the judgment of the trial court.  Appellant’s issue regarding the factual
sufficiency of the evidence is overruled.

Admission of Photographs

            By
his final issue, appellant contends that the trial court committed reversible
error in admitting certain photographs of the items taken from Herrington.  Appellant’s contention is that none of the
complained of photographs were properly authenticated.

Standard of Review

            As
appellant=s issue relates to the trial court=s admission of evidence, we review
the decision under the abuse of discretion standard.  See Billodeau
v. State, 277 S.W.3d 34, 39 (Tex.Crim.App.
2009).  The test for abuse of discretion
is whether the trial court acted without reference to any guiding rules and
principles.  Montgomery
v. State, 810 S.W.2d 372, 380 (Tex.Crim.App.
1991).  A reviewing court applying
the abuse of discretion standard should not reverse a trial judge=s decision whose ruling was within
the zone of reasonable disagreement.  Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App.
1996).

Analysis

            Initially,
the State contends that appellant has waived any objection to the admission of
any photographs because the objection made at trial was of a general nature
that did not serve to place the trial court on notice as to why the photographs
should not be admitted.  See Tex. R. App. P 33.1(a)(1)(A).  The objection made each time a photo was
offered was that the photo had not been properly authenticated.  While such an objection is not the model of
clarity, we will address the issue raised by appellant.

            Appellant’s
table of contents to his brief lists two issues pertaining to photographs.  Appellant’s third issue contends that State’s
exhibits 4, 5, 6, & 7 were improperly admitted due to inadequate
authentication.  However, when we read
the actual argument portion of the brief, there is no mention of State’s
exhibits 4, 5, 6, & 7.  The only
State’s exhibits discussed are State’s exhibits 8 & 9.  Accordingly, we find that appellant has
inadequately briefed his third issue and nothing is presented for review.  See Tex.
R. App. P. 38.1(i). 


            As
the argument in appellant’s brief pertains to State’s exhibits 8 & 9, these
are two photographs of what has been described as the electric chain saw that
belonged to Herrington after it had been disassembled.  Prior to the admission of the pictures,
Herrington specifically testified that he could identify the items in the
State’s exhibits.  Because the items had
been identified by the owner, the requirement of authentication contained in
Texas Rule of Evidence 901(a) has been met. 
See Tex. R. Evid. 901(a).  Accordingly, the trial court did not abuse
its discretion in admitting the pictures. 
Billodeau, 277 S.W.3d
at 39.  Appellant’s issues
relating to the admission of the photographs are overruled.

Conclusion

Having overruled appellant’s
contentions, we affirm the judgment of the trial court.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.

 

 

            








 











[1] See Tex.
Penal Code Ann. § 31.03(e)(4)(D) (Vernon
Supp.2009).








un:yes'>  Id. at 196 n.1.  We
exercise our own judgment on each issue and afford no deference to the original
tribunal's decision.  See Quick
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1999).

Dormancy and Revival; Scire Facias

            If a writ of execution is not issued within ten years
after the rendition of a judgment, the judgment becomes dormant and cannot be
executed upon unless revived.  Tex. Civ. Prac.
& Rem. Code Ann. § 34.001(a). 
A judgment can be revived by a petition for writ of scire facias or an action of debt if
either is brought no later than two years after the judgment becomes
dormant.  Id. §
31.006.

Rendition of Judgment
Generally

            A judgment is rendered when the
decision is officially announced orally in open court, by memorandum filed with
the clerk, or otherwise announced publicly. 
Garza v. Tex. Alcoholic Bev. Comm'n, 89
S.W.3d 1, 6 (Tex. 2002); Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56,
58 (Tex. 1970); Henry v. Cullum Cos., 891
S.W.2d 789, 792 (Tex.App.—Amarillo 1995, writ
denied).  In order to be an
official judgment, the trial court's oral pronouncement must indicate intent to
render a full, final, and complete judgment at that point in time.  S & A Rest. Corp. v. Leal, 892
S.W.2d 855, 858 (Tex. 1995); In re Marriage of Joyner, 196 S.W.3d 883,
886–87 (Tex.App.—Texarkana 2006, pet. denied).  The trial court’s
“approval of a settlement does not necessarily constitute rendition of
judgment.”  S & A Rest. Corp.,
892 S.W.2d at 857.  The trial court's words, whether spoken
or written, must evince a present, as opposed to future, act that effectively
decides the issues before the court.  Woods v. Woods, 167 S.W.3d 932, 933 (Tex.App.—Amarillo
2005, no pet.). Compare James v. Hubbard, 21 S.W.3d 558,
561 (Tex.App.—San Antonio 2000, no pet.)  (judge's statement
he was “going to grant the divorce” once the final decree was on his desk did
not suffice as rendition), with Baize v. Baize, 93 S.W.3d 197,
200 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (judge's statement “I’ll
grant your divorce today” was rendition of judgment).

Significance of Docket
Entry

            Cadles challenges the viability
of the docket entry as evidence that would support the finding that the date of
rendition was April 23, 1996.  We again
point out that we have no reporter’s record of the trial court’s
pronouncements, if any, at the conclusion of the April 23, 1996 hearing.  Without such record, we are left to determine
whether the trial court orally rendered judgment on April 23 from a rather
skeletal record.[1]  Herbert points to, of course, the docket
entry following the hearing and also relies on the recitals made in the written
judgment signed on May 1 as evidence that the trial court orally rendered
judgment in open court on April 23.   

            It is a long-standing rule in Texas that a docket entry
may supply facts in certain situations, but it cannot be used to contradict or
prevail over a final judicial order.  N-S-W
Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding) (citing Hamilton
v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1937), Ex
parte Rains, 113 Tex. 428, 433, 257 S.W. 217, 220 (1923), and Stark v.
Miller, 63 Tex. 164 (1885)).

            Generally, when there is a question concerning the date
judgment was rendered, the date the judgment was signed prevails over a
conflicting docket sheet entry.  See
id.  The Texas Supreme Court
reaffirmed this principle when faced with a question as to when the trial court
rendered judgment:

In this case, the judgment was signed January 28,
1998.  Because the signed judgment takes
precedence over the docket sheet entry, we do not consider the docket sheet to
be a timely rendition.  Moreover, there
is no indication that the court issued a memorandum of decision on January 20,
1998 or otherwise publicly announced rendition on that date.  We conclude that neither the recital in the
court's written judgment regarding an earlier rendition nor the January 20,
1998 docket sheet entry is sufficient to effectuate rendition of judgment on a
date earlier than January 28, 1998, the date the court actually signed the
judgment.

 

Garza, 89 S.W.3d at 6–7; see In
re R.A.H., 130 S.W.3d 68, 69–70 (Tex. 2004) (quoting Garza for the
principle that “[w]hen there is a question concerning the date judgment was
rendered, the date the judgment was signed prevails over a conflicting docket
sheet entry").

            Herbert directs us to our opinion in Henry to
support his position.  891
S.W.2d at 791–93.  In Henry,
like here, we had no reporter’s record of the hearing in question and were left
only with a docket entry and recitations in a later-signed judgment when called
on to determine whether the trial court orally rendered partial summary
judgment on Henry’s DTPA claims before she amended her petition to exclude
those claims and before the trial court severed those claims from the remaining
claims.  Id. at
792–93.  Recognizing that a docket
entry that summary judgment was granted generally was insufficient to serve as
rendition, we nevertheless concluded that the docket notation and the
recitations in the judgment were sufficient there to support the finding that
the trial court orally rendered judgment despite the absence of the record of
the hearing.  Id.

            At this point, Henry would appear to be squarely
on point with the instant case and would support Herbert’s position that the
trial court rendered judgment on April 23, 1996, here.  However, there is an important distinction to
be made.  In Henry, we were not
called on to rely on the docket notation to contradict a written judgment suggesting
another date.  That is, we had to
determine whether the trial court orally rendered judgment as to the DTPA
claims to determine whether the trial court’s severance had any effect and
whether Henry had abandoned her DTPA claims; no one urged that the date on the
written judgment was the date judgment was rendered as to the DTPA claims.  See id.  The appellees in Henry
suggested that there was nothing to review because Henry had abandoned her DTPA
claims.  Id. at
792.  Based on the record before
us, we concluded that Henry did not abandon her DTPA claims,
that partial summary judgment had been orally rendered as to those
claims prior to her amendment omitting those claims.  See id. at
793.  Ultimately, we were not invited, as
we are here, to read the docket entry to contradict the written judgment.

            Here, we are faced with two competing and quite
significant dates, one noted in the docket entry and the other noted in the
written judgment.  We think this is a
significant point, one on which we can reconcile our holding in Henry
with our holding in the instant case, based on that well-established principle
in Texas that courts cannot use a docket entry to contradict a written
judgment.  N-S-W Corp., 561 S.W.2d at 799. 

Significance of Recitals in Written Judgment

            Cadles also contends that any
reliance on recitals in the written judgment that suggest that the parties
announced on April 23 that they had reached a settlement is misplaced.  Herbert contends that those recitations are further
evidence to support the finding oral rendition occurred on April 23.  We reject Herbert’s contention.

            The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment
itself.  Nelson v.
Britt, 241 S.W.3d 672, 676 (Tex.App.—Dallas 2007,
no pet.) (citing Alcantar
v. Okla. Nat'l Bank, 47 S.W.3d 815, 823 (Tex.App.—Fort
Worth 2001, no pet.)).  When there
appears to be a discrepancy between the judgment's recital and decretal paragraphs, a trial court's recitals, which
precede the decretal portions of the judgment, do not
determine the rights and interests of the parties.  Id. 
Rather, the decretal provisions in the
judgment control.  Id.

            Moreover, the recitals here memorialize nothing more than
on April 23 the parties appeared and announced in open court certain terms of a
judgment they agreed the court should enter. 
There is no expression of a responsive judicial act at that time.  Such language does not evince oral rendition
of judgment on April 23.  See Comet Aluminum, 450 S.W.2d at 58
(quoting Coleman v. Zapp, 105 Tex. 491, 494,
151 S.W. 1040, 1041 (1912)) (“a judgment’s ‘rendition is the judicial act by
which the trial court settles and declares the decision of the law upon the
matters at issue’”).  

 

 

Rendition Occurred on
May 1, 1996

            The evidence before us is insufficient to support the
finding that the trial court orally rendered judgment on April 23, 1996.  Instead, the date of the written judgment, May
1, 1996, controls.  The 1996 judgment,
then, went dormant on May 1, 2006, and an action filed to revive that judgment
must have been filed by May 1, 2008.  See
Tex. Civ. Prac.
& Rem. Code Ann. §§ 31.006, 34.001(a).  With that, Cadles’s
petition, filed on April 28, 2008 was filed within the time permitted to revive
the dormant judgment.  The trial court’s
conclusion that Cadles’s petition was untimely,
therefore, is erroneous.  Based upon the
record before us, we reverse the trial court’s judgment and render the judgment
that the trial court should have:  Cadle’s timely petition for scire facias revived the May 1, 1996,
judgment.  See Trad
v. Colonial Coins, Inc., No. 14-02-00172-CV, 2003 Tex.App.
LEXIS 300, at *5 (Tex.App.—Houston
[14th Dist.] Jan. 16, 2003, no pet.) (mem. op.).

Conclusion

            We reverse the trial court’s judgment denying Cadles’s petition for scire facias to revive the
judgment.  We render judgment granting Cadles’s petition for scire facias, reviving the May 1, 1996
judgment against Herbert.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

            








 











[1] In fact, our sister court
has concluded that, without a reporter’s record showing what, if anything, the
trial court pronounced in open court, there exists no evidence upon which a
reviewing court can make a finding that judgment was rendered in open court.  See Bailey-Mason v. Mason,122 S.W.3d 894, 898 (Tex.App.—Dallas
2003, pet. denied).  Here, since Herbert
specifically urges the docket entry and the recitations in the written judgment
as evidence that judgment was orally rendered in open court on April 23, 1996,
we address those arguments in an effort to explain why we do not reach the same
conclusion as does Herbert based on such evidence.